20007. SOUTH GEORGIA POWER COMPANY *v.* SMITH *et al.*

STEPHENS, J. 1. Where not prohibited by law, a city may legally erect and maintain an obstruction in one of its streets, provided the obstruction is not dangerous and does not constitute an unreasonable interference with the lawful use of the street. 9 R. C. L. 1193; 13 R. C. L. 199; 26 R. C. L. 527. Where, in a city street about eighty feet wide, the city has authorized the erection and maintenance, longitudinally down the middle of the street, of a series of poles which support electrical wires, and on either side of the poles there remain driveways, each of which is about forty feet in width, and the obstruction causes

no substantial interference with the lawful use of the street, the maintenance of the poles in the street is lawful; and where this is not dangerous, the maintenance of the poles in the street does not constitute negligence, either as a matter of law or in fact. The maintenance of the poles in the street, being lawful and not creating a situation inherently dangerous or which from its nature is calculated to injure persons or property lawfully using the street, does not constitute negligence, either as a matter of law or in fact, as respects persons lawfully using the street. This is not a case of an obstruction negligently maintained in the traveled portion of a highway, or of the negligent maintenance of an inherently dangerous condition in close proximity to the traveled portion of a highway, either of which, by reason of the likelihood of injury therefrom to travelers along the highway, might constitute the proximate cause of an injury to a traveler running into it. It is the case of an instrumentality lawfully in a highway, and not maintained in such a manner as to constitute negligence as respects a traveler lawfully using the highway.

2. Although the power company, which owns and maintains the poles in the street, may have acquired the right to erect its poles in the streets by virtue of an ordinance of the city granting to the company the right to the use of the streets for such purpose, but with permission to erect the poles only along the side of a street next to the sidewalk curb, the restriction as to the manner of erecting the poles in the street, thus imposed by the city, is directory or contractual only, and imposes a condition upon the manner of the erection of the poles which the city may waive by its conduct afterwards. Since the city could have lawfully authorized the erection of the poles in the middle of the street, the acquiescence by the city in the maintenance of the poles in the middle of the street, although they had originally been erected there by the power company in violation of the restriction placed by the city on the manner of their erection, amounts to a waiver by the city of the restriction which it had imposed upon the power company, and the maintenance by the power company of the poles in the middle of the street, while acquiesced in by the city, and where otherwise not unlawful, does not, as to persons lawfully using the street, constitute negligence as a matter of law. 4 McQuillin on Municipal Corporations (2d ed.), § 1747.

3. In a suit against the power company to recover for a personal injury consisting of a broken leg, sustained by the rider of a horse along the street, caused by the horse's becoming frightened by an approaching automobile and running into one of the poles, where the petition fails to allege any facts which show that the maintenance of the poles constituted a substantial interference with the use of the street, or that it constituted negligence as a matter of fact, the petition failed to set out a cause of action.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1930.

*Lawrence & Abrahams, Hollis Fort,* for plaintiff in error.
*Hal Lawson, J. H. Dorsey,* contra.