No. 31,252

MARY E. PAYNE, *Appellant,* v. THE KANSAS GAS AND ELECTRIC COMPANY, *Appellee.*

(26 P. 2d 255.)

Opinion filed November 11, 1933.

*John W. Adams* and *O. A. Keach,* both of Wichita, for the appellant.

*H. C. Castor, Victor J. Rogers,* both of Wichita, *H. L. McCune, Lynn Webb* and *Blatchford Downing,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Mary E. Payne against the Kansas Gas & Electric Company to recover damages for injuries sustained by her while driving her automobile on a street of Wichita in the nighttime, when she collided with an electric-light pole, alleged to have been negligently planted and maintained in a dangerous location in a parkway, against which the plaintiff drove her car. A demurrer by the defendant to the evidence of plaintiff,

on the ground that it failed to prove a cause of action in favor of plaintiff and against defendant, and further that it showed contributory negligence on the part of plaintiff as a matter of law, was sustained. From this ruling plaintiff appeals.

It was shown that on June 10, 1930, plaintiff, a resident of Newton, had driven to Wichita to attend a convention of the federation of colored women, and on the night of that day—a dark and misty one—the plaintiff and two of her friends entered her automobile, when the convention adjourned, and started to drive to a home in the city of Wichita, where the plaintiff was to be entertained. In going there she drove east over Central avenue, on which there is much traffic and is a paved street about forty-five feet wide with curbs on each side. At the intersection of Central avenue and Emporia avenue there is a jog in Central avenue of about thirteen feet and four inches, which shifts the regular course of the curb line at that point to that extent for a distance of about 150 feet. There is a curb around and along the jog on Central avenue. The parkway along the street extends from the pavement out to the sidewalk, and in this parkway an electric-light pole of the defendant had been planted and maintained for some time, and there were also trees growing on the parkway. The pole was about sixteen inches east from the curb of the jog, and it carried wires for the transmission of light and power for the use and benefit of the inhabitants of the city. The plaintiff drove into the jog and against the pole, suffering injuries about the extent of which there is no controversy.

Was the defendant negligent and liable for the injury sustained by plaintiff as a result of driving against the pole in the parkway? The parkway is a part of the street, generally used for sewers, light poles, telephone poles and water appliances, and was wholly outside of that part of the street paved and used for vehicular traffic. The automobile was driven in such a course that it collided with the pole in the parkway. Plaintiff says she was not acquainted with the streets of the city, did not know of the jog, and that the lights of coming cars which she was meeting at the time led her to drive closer to the curb on her side of the traveled way.

The defendant cannot be held responsible for the irregularities in the plan of the city streets, nor for the establishment of parkways along them. Such irregularities in streets are not uncommon, and it behooves drivers to keep a lookout for irregularities that frequently end in abrupt turns or a *culdesac,* or to be answerable for the consequences. The plaintiff does not contend that the city was negli-

gent in varying the direction of travel on Central avenue, nor by reason of the jog in it. Neither does she complain of the city's establishing a parkway farther north at the Emporia avenue intersection than west of that point. Yet on the theory of plaintiff, the parkway was itself an obstruction in the street in the same sense that the pole maintained on it was an obstruction. The city had the right to make the bend or jog in the street, to establish the parkway farther north at the jog, and to permit the maintaining of light poles in the parkway. The pole was set and had been maintained in accordance with the plan of the city, and presumably with its permission, as nothing has been shown to the contrary in the evidence. It appears, therefore, that there was no departure from the approved plan of the city in placing the pole in the parkway, and as to defendant it cannot be regarded as an unlawful obstruction of the street. Under plaintiff's own showing it cannot be said that the collision was caused by the negligence of the defendant, and there is no claim that it was due to the fault of the city. In *Greenland v. Des Moines*, 206 Ia. 1298, a case in which the circumstances of a street accident were quite similar to those in the present case, the plaintiff was driving his automobile along a street in which there was a jog of twenty-eight feet at an intersection of another street. The driver was not familiar with the street or the jog in it. The night was dark and misty and the motorist was driving at a speed of eighteen or twenty miles an hour, and at the jog drove over the curb and upon the parkway where a telephone pole was standing. The automobile struck the pole and caused injury to the driver. It was held that the city was not bound to keep the parking free from obstructions to travel, and that if there was a lack of visibility at the time and place of the accident it was the duty of the driver to stop, and for him to proceed without visibility was the proximate cause of the accident. As to obstructions in the parkway, it was said:

"As a matter of common knowledge and observation, it may be said that, in the practical exercise of this authority, such telephone poles are located in the parking and outside of the line of travel. Such was the location of the telephone pole in question. It may be taken as a matter of common knowledge, and observation, also, that only a part of the width of a street is devoted to motor travel or traffic. Such traffic is confined to the paved space between the curbs. Between the curb and the street line is the so-called parking. It is permissible to devote the parking to many other uses than that of public travel. Trees may be planted therein. Trees and poles must

necessarily obstruct travel. They are permissible upon the parking because travel is not permissible thereon. It necessarily follows that the city authorities are not bound to keep the parking free from obstruction to travel."

Speaking of the location of the pole, they added:

"Presumptively, it was properly located in the first instance, and nothing is shown to overcome the continuance of such presumption." (p. 1300.)

In McQuillan on Municipal Corporations, 2d ed., § 2957, it was said:

"Between the driveway and the sidewalk are found, in many streets, various objects which are more or less obstructions, but because they interfere little, if any, with public travel it is generally held that persons injured by colliding therewith cannot ordinarily recover from the municipality. Included within the class of objects are shade trees, grass plats, proper barriers to prevent travel on grass and flower plats, hitching posts, stepping stones, hydrants, poles for electric wires, etc. . . . "

In *Wolff v. District of Columbia*, 21 D. D. App. 464, affirmed in 196 U. S. 152, it was said:

"It is clear the provisions of the statute do not apply to many things that may, in a sense, be regarded as obstructions to the sidewalks of a city. They certainly do not apply to the shade trees growing along the sidewalks, nor to lamp posts, water hydrants, awning posts, telegraph or telephone poles, that we find everywhere in the city, along the sidewalks. All these things may be regarded, in a particular sense, as obstructions, but they are not such within the meaning of the statute. They are objects allowed and authorized, by immemorial custom and usage, as being necessary to the health, convenience, protection, and enjoyment of the homes and lives of the inhabitants of the city. Where these objects of convenience and comfort have been subject to proper regulation, as they always are and should be, they have never been regarded as nuisances, either public or private." (p. 470.)

See, also, *Clinkenbeard v. City of St. Joseph*, 321 Mo. 71; *Dougherty v. Village of Horseheads*, 159 N. Y. 154; *Townsend v. Georgia Power Co.*, 44 Ga. App. 132; *G. & M. Coast Traction Co. v. Manuel*, 123 Miss. 266.

While it is the duty of the city to keep its streets and highways safe for travel, we have held that it is not bound to keep the full width of every street safe for travel, and that ordinarily it is sufficient to keep so much of it safe for that purpose as is designed and necessary for travel. (*City of Wellington v. Gregson*, 31 Kan. 99, 1 Pac. 253.)

In *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416, a team of mules ran away and ran against a telephone pole, supported by guy wires, near the boundary line of a highway, causing injury for

which a suit against the telephone company was brought. The pole was not on the traveled part of the highway, and on a demurrer to plaintiff's evidence it was held that the telephone company was not negligent, and that in the situation described the pole and wires were not the proximate cause of the accident.

The cases cited by plaintiff concerning the placing of poles in that part of the street designed and used for vehicular traffic are not applicable to the case we have. As already remarked, it is not claimed that the city was liable in authorizing or permitting the defendant to place its poles in the parkway, and likewise the defendant cannot be held liable for availing itself of the permission to set the pole outside of the traveled way.

We think the evidence is insufficient to prove a cause of action against the defendant for the injury which resulted from the location of the pole against which the plaintiff's automobile was driven, and that there was no error in sustaining the demurrer upon that ground.

Much argument is made on the question that the plaintiff was free from contributory negligence, but in view of the conclusion reached on the first ground of the demurrer it is unnecessary to consider the second ground.

It follows that the judgment for defendant must be affirmed. It is so ordered.

HUTCHISON, J., not sitting.