25191.   CALLAWAY *v.* GEORGIA RAILROAD & BANKING CO. *et al.*

STEPHENS, J.   1. A bridge constructed by a railroad company to carry its track over a public highway or other public road of this State, and constituting "an underpass," is, in the plan of its construction as respects the safety of travelers along the highway, and as respects its adequacy to serve the traffic on the highway, whether it was constructed before or after the passage of the act approved August 23, 1927 (Ga. L. 1927, p. 299, §§ 1-9, Code, §§ 95-1901 et seq.), under the authority and direction of the governmental agencies of the State, such as the State Highway Board or a county board, according to whether the road is a State road or a county public road, and is not in this respect under the

authority and direction of the railroad company. The railroad company therefore is not negligent, as respects travelers along the highway in automobiles, in that it maintains the underpass in a condition dangerous to the safety of travelers along the highway, by reason of the construction of the underpass in such manner that there is a line of heavy posts twelve inches square along the middle of the highway in the underpass, or that the highway in the underpass is not as wide as "an ordinary road-bed," or that the underpass is constructed at right angles to the highway as the highway approaches either side of the underpass. Pugh *v.* Catlettsburg, 214 Ky. App. 312 (283 S. W. 89); Murphy *v.* Great Northern Railway Co., 189 Minn. 109 (248 N. W. 715); Barrett *v.* Southern Pacific Co., 207 Cal. 154 (277 Pac. 481); Gray *v.* Borough of Danbury, 54 Conn. 574 (10 Atl. 198); Lorentz *v.* Public Service Ry. Co., 103 N. J. L. 104 (134 Atl. 818). See also *South Georgia Power Co.* v. *Smith,* 42 *Ga. App.* 100 (155 S. E. 80).

2. The petition, in which it was alleged that the plaintiff, a traveler in an automobile along a public highway, received personal injuries as a result of running into posts erected in the middle of the underpass maintained by the railroad company in the highway, where the alleged negligence was in the maintenance of the underpass under the conditions indicated above, failed to set out a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 14, 1936.

*Hamilton McWhorter, J. G. Faust,* for plaintiff.
*W. W. Armistead, Miles W. Lewis,* for defendants.