## 26959. ALLYN & BACON BOOK PUBLISHERS *et al. v.* NICHOLSON *et al.*

DECIDED NOVEMBER 10, 1938.

*Silas Williams, Mitchell & Mitchell,* for plaintiffs in error.
*W. E. & W. G. Mann, R. Carter Pittman,* contra.

STEPHENS, P. J. ■ The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury. *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442); *Kelly* v. *Georgia Railway & Power Co.,* 24 *Ga. App.* 439 (101 S. E. 401); *Akin* v. *Brantley,* 26 *Ga. App.* 326 (106 S. E. 214); *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (3) (186 S. E. 224). While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrong-doer, the negligence in the intervening act may concur with the negligence of the original wrong-doer in causing the injury, and the perpetrators of both acts may be joint tort-feasors.

■ Where the driver of a school bus which is engaged in transporting children from school, negligently and in violation of law (Code, § 68-311), brings the bus to a stop on the left side of the road for the purpose of permitting the discharge of school children, and one of the children, after disembarking from the bus, is proceeding across the road to his home, is run into and injured by an automobile coming from the opposite direction at a rapid and dangerous rate of speed on its driver's left side of the road, and while passing the school bus without stopping, in violation of law (Code, § 68-310), the negligence of the driver of the school bus, in so far as it may be a proximate cause of the injury to the child, is not necessarily and as a matter of law the sole proximate cause of such injury, but the alleged negligence of the driver of the automobile which runs into the child may, notwithstanding the negli-

gence of the driver of the school bus, be a proximate cause of the injury. In a suit in behalf of the child, against the owner of the automobile which injured him and the driver thereof, where the petition set out the facts above narrated, it does not appear from the allegations of the petition that the injury to the plaintiff was caused solely by the acts of negligence of the school-bus driver. The petition set out a cause of action against the owner of the automobile and its driver, and the court did not err in overruling the demurrer of the owner.

*Judgment affirmed. Sutton and Felton, JJ., concur.*