34923. LENDERMAN *v.* HAYNIE *et al.*

34904. GEORGIA POWER CO. *v.* HAYNIE *et al.*

514

Decided January 14, 1954.

518

*Erwin, Nix, Birchmore & Epting, R. W. Smith, Jr.,* for plaintiff in error. (Case No. 34904.)

*Wheeler, Robinson & Thurmond,* for plaintiff in error. (Case No. 34923.)

*B. Frank Whelchel, Telford, Wayne & Smith,* contra.

SUTTON, C. J. ▪ The allegations of the petition show that the defendant Lenderman provided his daughter Betty with an automobile, as a family-purpose car, which had defective steering gear, and that Lenderman's daughter was an inexperienced driver. Betty Lenderman was driving the automobile south along North Green Street at more than 25 miles per hour in congested traffic when she suddenly turned the car to the right. Because of the defective condition of the automobile and the sudden turn, Betty Lenderman was unable to control the direction of the automobile, and it struck the pole owned and maintained by the defendant power company. These alleged facts were sufficient to support the allegation of gross negligence as against the defendant Lenderman. Where the defendant furnishes an automobile known to be defective to a driver known to be in-

competent, who suddenly turns the automobile from its course while driving it, without apparent necessity to do so, and thereby injures a guest of the defendant, a question is raised for determination by a jury as to whether such conduct amounts to gross negligence. See *Rowe* v. *Camp*, 45 *Ga. App.* 794 (165 S. E. 894); *Duncan* v. *Ross*, 56 *Ga. App.* 394 (192 S. E. 638); *Pickleseimer* v. *Duke*, 41 *Ga. App.* 614 (154 S. E. 457); *Frank* v. *Horovitz*, 52 *Ga. App.* 651 (183 S. E. 835); *Sumter Milling & Peanut Co.* v. *Singletary*, 79 *Ga. App.* 111 (53 S. E. 2d 181).

The defendant Lenderman's contention that the petition must be construed as showing that his automobile struck the defendant's pole while in the traveled portion of the street may be meritorious, but it does not follow that he was not chargeable with gross negligence. If, by his failure to exercise slight care, the defendant could have foreseen or anticipated that some injury might naturally and probably occur, then his gross negligence may be found by a jury to have contributed to the injury which did occur, although the defendant could not have foreseen the exact manner in which the injury occurred. *Hertz Driv-Ur-Self Stations* v. *Benson*, 83 *Ga. App.* 866, 875 (3) (65 S. E. 2d 191); *Mitchell* v. *Schofield's Sons Co.*, 16 *Ga. App.* 686 (6), 690 (85 S. E. 978); *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d 698). This also applies to the defendant Lenderman's contention that he could not have anticipated that a 400-pound transformer was insecurely fastened to the top of the pole which his daughter struck. The court did not err in overruling the defendant Lenderman's general demurrers to the petition.

■ The allegations of the petition show that the defendant power company owned and maintained a power pole, about eighteen inches in diameter, at a certain place on the west side of North Green Street in Gainesville, Georgia. An electric transformer weighing 400 pounds was suspended on a cross-arm near the top and on the north side of the pole, about 40 feet above the ground. The transformer was not bolted or fastened to the pole or the cross-arm, but was suspended from a cross-arm which had become weak, rotten, and decayed. The pole was located on the sidewalk, against the curb, and within six inches of the traveled portion of the street, so close that vehicles such as school buses, trucks, and late-model automobiles, which have bodies extending beyond the wheels for more than six inches, could strike the pole

while the wheels of such vehicles were in the traveled portion of the street.

The defendant power company contends that its pole was not located so as to be an unreasonable obstruction to, or a substantial interference with, traffic lawfully using the street, and cites in support of its contentions *South Georgia Power Co.* v. *Smith*, 42 *Ga. App.* 100 (155 S. E. 80) ; *Townsend* v. *Georgia Power Co.*, 44 *Ga. App.* 132 (160 S. E. 712) ; *Burd* v. *City of Atlanta*, 52 *Ga. App.* 681 (184 S. E. 412) ; and *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d 776).

But the negligence alleged on the part of the defendant power company is not only in placing its pole so close to the traveled portion of the street, but also in suspending the 400-pound transformer from a weak and rotten cross-arm at the top of the pole with no fastenings. In the expression used in *South Georgia Power Co.* v. *Smith*, supra, this is a case of the "negligent maintenance of an inherently dangerous condition in close proximity to the traveled portion of a highway, . . . which, by reason of the likelihood of injury therefrom to travelers along the highway, might constitute the proximate cause of an injury to a traveler running into it." In *Lyons* v. *Georgia Power Co.*, 78 *Ga. App.* 445 (51 S. E. 2d 459), both the majority and dissenting opinions seem to concede that there was a question for a jury as to whether the power company was negligent, with respect to a traveler on the street, in placing a pole near the traveled portion of the street and in failing to securely fasten the transformer to the pole. The difference of opinion in that case was as to whether the power company could have anticipated that the driver of the automobile in which the plaintiff was riding would proceed at 40 miles per hour over a rough and muddy street at night, swerving to avoid the many ruts and holes in the street, and eventually striking the pole. The court held that the causal connection between any negligence on the part of the power company and the plaintiff's injuries was broken by the intervening acts of the driver of the automobile.

The allegations of the present petition show that the pole was located six inches from the traveled portion of the street, and that it could have been struck by any of certain vehicles lawfully using the street. The petition also alleges that the plaintiff was riding on the highway or street when it was congested with

traffic, and, under such circumstances, a question for the determination of a jury was raised as to whether or not the defendant power company could have anticipated that someone using the street, either negligently or lawfully, might strike the pole and cause the transformer to fall. It is alleged that the transformer would have fallen onto any southbound vehicle on North Green Street which struck the pole.

■ The petition set out a case of contributing concurrent acts of negligence against both defendants, and the court did not err in overruling the general demurrers to the petition.

*Judgments affirmed in both cases. Felton and Quillian, JJ., concur.*