36026.   BLUNT *et al.* v. SPEARS, by Next Friend *et al.*
36027.   SPEARS, by Next Friend, *v.* SOUTHERN BELL
TELEPHONE & TELEGRAPH COMPANY *et al.*

DECIDED FEBRUARY 17, 1956—REHEARING DENIED MARCH 16, 1956.

*T. J. Long, Ben Weinberg, Jr.,* for O. T. Blunt et al.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, Welborn B. Cody,* for Southern Bell Telephone & Telegraph Company.

*Alston, Sibley, Miller, Spann & Shackelford, Daniel B. Hodgson,* for A. A. Spears.

FELTON, C. J. ■ As to the telephone company, the petition alleged that the company was negligent in placing the pole within four inches of the paved portion of the highway as to members of the public who operated vehicles over the highway including those who operated legally and also as to those who operated unlawfully and negligently. It is specifically alleged that vehicles on the highway in the vicinity of the pole had been frequently operated negligently and unlawfully and at high rates of speed and that the company should and could have foreseen such negligent operation of vehicles in the exercise of ordinary care. We think that these allegations of negligence are sufficient as against a general demurrer in any event but especially in view of the allegation that there was no raised curb at the place. If the company was negligent in placing the pole too near the paved surface of the road and a vehicle hit the pole because of the negligence of the driver of the vehicle, the placing of the pole at such a place would be one of the concurring proximate causes of the collision unless the placing of the pole is considered too remote to constitute a proximate cause, under the theory and principle of intervening and superseding negligence. But under this principle, if the telephone company was relieved of liability, it would not be because the company was not guilty of negligence in so placing the pole. The superseding cause principle is stated in *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) and *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7 (7 S. E. 2d 412). In the *Webb* case the court said: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new

cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." See 38 Am. Jur. 726-728, § 70. Under the allegations in this case it does not appear on the face of the petition that if the telephone company was negligent, its negligence was too remote to be considered a proximate cause of the injuries complained of. If it could be so held as to the driver of the automobile, it cannot be so held as to the plaintiff in this case for the reason that it does not appear as a matter of law from the petition that the plaintiff was guilty of such negligence as would require such a holding, as will be shown in another division of the opinion in treatment of the ruling on the general demurrers of the defendants Blunt. As to whether negligence is alleged against the telephone company, as stated above, we think the petition sufficiently alleges it and it is too well settled to require citations that if the telephone company should have anticipated that injury would result from the location of its pole, it is immaterial if it did not anticipate the particular manner in which a given injury would occur. Horne v. Southern Ry. Co., 186 S. C. 525 (197 S. E. 31); Newlin v. New England Tel. & Tel. Co., 316 Mass. 234 (54 N. E. 2d 929); Mitchell v. Schofield's Sons Co., 16 Ga. App. 686 (85 S. E. 978); Atlanta Gas Light Co..v. Mills, 78 Ga. App. 690, 696 (51 S. E. 2d 705); Henderson v. Nolting First Mortgage Corp., 184 Ga. 724 (193 S. E. 347, 114 A. L. R. 1022); 38 Am. Jur. 671, § 24. The fact that the company had a legal right to place the pole where it did in so far as the right to the use of the land occupied by the pole was concerned would not relieve it of negligence if the pole created a dangerous situation. Code § 104-205; Blashfield, Encyclopedia of Automobile Law & Practice, Vol. 5A, § 3279, p. 337. South Georgia Power Co. v. Smith, 42 Ga. App. 100 (155 S. E. 80) does not require a ruling contrary to that herein made because the court explicitly stated that that was not a case of the

maintenance of an inherently dangerous condition in close proximity to the traveled portion of a highway. In *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d 776) the real conclusion of the court was that under the facts the company was not negligent because it could not have reasonably anticipated that the pole in question would be struck by an automobile passing along the highway. The court in that case as well as others has injected the idea of anticipation in relation to proximate cause which to say the least confuses issues. "It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause; except where an independent, responsible, intervening cause is involved. The view is that once it is determined that a defendant was negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences. Apparent inconsistencies between this view and the language of former decisions has been explained on the ground that while in many instances the decisions have spoken of foreseen or foreseeable consequences as a test of proximate cause, what the court really had in mind was liability for negligence without differentiating between the original question of whether there was a breach of duty to use due care and the question of proximate cause." 38 Am. Jur. 709-710, § 58; Prosser on Torts, pp. 364-369.

In *Lyons* v. *Georgia Power Co.*, 78 *Ga. App.* 445 (51 S. E. 2d 459) the court held that the facts did not show negligence and again confused proximate cause with negligence. *Lenderman* v. *Haynie*, 89 *Ga. App.* 513 (80 S. E. 2d 216) is in accord with our conclusion here. In fact the instant petition is identical to the *Haynie* petition in that it was alleged that the power company could and should have in the exercise of ordinary care foreseen the negligent and unlawful operation of vehicles, etc. Neither this case nor the *Haynie* case is restricted to the charge that the mere placing of the pole constituted negligence. In this case there was no curb and the pole was four inches from the traveled portion of the highway which condition was alleged to constitute negligence both as to legal operation of vehicles and negligent operation of vehicles. Since we hold in the next division of the

opinion that the negligence of the host driver cannot as a matter of law be deemed the sole proximate cause of the injuries, it follows that the petition stated a cause of action against the telephone company, charging it with a concurrent act of negligence constituting one of the actionable proximate causes of the injuries to the plaintiff. See *Williams* v. *Grier*, 196 *Ga.* 327 (26 S. E. 2d 698).

In an action based upon negligence mere general allegations of negligence are sufficient against general demurrer. *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974). *Fraser* v. *Smith & Kelly Co.*, 136 *Ga.* 18 (70 S. E. 792) is a master and servant case in which different rules apply.

The contention that the rule that a defendant is liable for its negligence even if the particular manner in which the injuries were afflicted was not or could not reasonably have been anticipated does not apply in such a case as this is not sound. The contention is that the telephone company could not be liable to the plaintiff here because he was not in that class of persons entitled to protection from the telephone company's alleged negligence. We do not so understand the law to be as the company contends as applied to common-law negligence. The company's argument is based on rulings on statutes passed to protect particular classes of persons or interests. In such cases liability of course only attaches when injury is shown to have resulted to a member of the class which the statute was designed to protect.

If a statute was passed to protect motorists on the right-hand side of a road from sideswiping a utility pole the placing of the pole in the prohibited place would not be negligence as to one who backed into it or hit it head-on. The rule with reference to common-law negligence is different. If under appropriate allegations the placing of a pole was done so as to create a dangerous situation or condition under common-law principles there would be a violation of a duty to those reasonably within the orbit of the negligent act, whether the exact manner in which injuries were incurred was anticipated or not. ". . . The orbit of the danger as disclosed to the eye of reasonable diligence would be the orbit of the duty." One who makes a dangerous condition is not always relieved of liability if the condition, though known to be dangerous, produces an unexpected result if the injury is

to one who might reasonably be within the orbit of the danger. For quotation and source of paraphrase see Palsgraf *v.* L. I. R. Co., 248 N. Y. 339, 343 (164 N. E. 564). From the same case is the following statement (p. 344): "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." So it is that the petition in this case alleges a case for the plaintiff who was reasonably in the orbit of the dangerous situation allegedly created by the telephone company. We do not think the acts of the telephone company here would have alleged negligence as to the occupants of an airplane flying too low or the occupants of an automobile driving on the opposite side of the road from the pole since they would not be reasonably within the orbit of the danger or within the range of apprehension.

It is strenuously contended by the telephone company and many interested parties who have filed briefs as friends of the court that the conduct of a person which is in and of itself non-negligent cannot under any circumstances be held to be negligent. It should be noted that we are now considering the sufficiency of a petition as against a general demurrer and not the sufficiency of evidence to support the allegations of a petition. The answer to this contention is that one is sometimes held to be negligent by reason of otherwise innocent conduct because he failed to anticipate even the illegal acts of third persons consisting of conduct involving moral turpitude and not merely conduct prohibited by statute or common law. *Yellow Cab Co.* v. *Carmichael,* 33 *Ga. App.* 364 (126 S. E. 269), and cases cited. For the rule as to liability for concurring negligence see *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533). The rule that a host's negligence is not imputable to a guest is stated in cases herein cited and these citations will not be repeated.

It does not appear as a matter of law from the petition that the pole was placed at a safe distance from the road or that if it was placed too close to the road the collision would have occurred even if the pole had been placed at a distance which the jury found was a safe one.

■ The court did not err in overruling the general demurrer of the defendants Owen T. Blunt and Tommy Blunt. Since the plaintiff was a guest, it was necessary to allege gross negligence

as to the Blunts. Gross negligence does not mean an entire absence of care. *Caskey* v. *Underwood,* 89 *Ga. App.* 418, 422 (79 S. E. 2d 558). Whether the falling asleep while operating a motor vehicle is negligence, ordinary negligence, gross negligence or wilful and wanton conduct is a question necessarily determinable by the particular facts of the case. Falling asleep at the wheel under certain circumstances may not even amount to ordinary negligence. *Ga. Power Co.* v. *Murray,* 57 *Ga. App.* 141 (194 S. E. 403). Falling asleep at the wheel may amount to gross negligence. *Sumter Milling & Peanut Co.* v. *Singletary,* 79 *Ga. App.* 111 (53 S. E. 2d 181). The petition here alleges surrounding facts and circumstances, drowsiness and tiredness, prior warning and refusal of relief and excessive length of driving, which if supported by proof, would authorize a finding of gross negligence. 28 A. L. R. 2d, pp. 60-71. The petition does not show on its face that the plaintiff was guilty of contributory negligence to the extent that he would be barred from recovery as a matter of law. A non-negligent guest is not barred from recovering against joint tortfeasors. *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159 (91 S. E. 2d 135). There is no allegation in the petition which shows or tends to show what the circumstances were or what the plaintiff did or did, not do after the driver went to sleep the first time. The plaintiff is not required to negative his contributory negligence in his petition and the facts alleged do not show such negligence. *Williams* v. *Owens,* 85 *Ga. App.* 549 (69 S. E. 2d 787) does not militate against our conclusion. See Mullaney *v.* White, 329 Mass. 464 (109 N. E. 2d 158). The drowsiness of a person is not always obvious to another. See Bushnell *v.* Bushnell, 103 Conn. 583 (131 Atl. 432).

The court erred in sustaining the general demurrer of the defendant telephone company and in dismissing the action as to it in case number 36027.

The court did not err in overruling the general demurrer of the defendants Blunt in case number 36026.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*