19363. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *v.* SPEARS, by Next Friend, *et al.*

HAWKINS, Justice. This case is here on certiorari from the Court of Appeals. Alfred Augustus Spears, a minor, suing by next friend, brought an action against Owen T. Blunt, Tommy Blunt, and Southern Bell Telephone & Telegraph Company, in the Superior Court of Fulton County, to recover damages for injuries allegedly suffered by him as a consequence of a collision between an automobile owned by the defendant Owen T. Blunt, and operated by the defendant Tommy Blunt, with a telephone pole of the defendant Southern Bell Telephone & Telegraph Company, the plaintiff having been a guest in such automobile. The trial court sustained the general demurrers of the defendant Southern Bell Telephone & Telegraph Company, and dismissed the action as

to it. This application for certiorari seeks a review by this court of the decision of the Court of Appeals in case No. 36027 in that court, such decision being to the effect that the trial court erred in sustaining the general demurrers of Southern Bell Telephone & Telegraph Company.

Basically the issues involved in this case in the Court of Appeals, and in connection with this application for certiorari, are as follows: (1) Does the plaintiff's petition show actionable negligence on the part of Southern Bell Telephone & Telegraph Company toward the plaintiff; (2) if so, does it appear from the petition that such negligence was a proximate cause of the plaintiff's alleged injuries; and (3) is the plaintiff, in any event, barred from recovery by reason of the fact that the petition affirmatively shows failure on his part to exercise reasonable care for his own safety? *Held:*

The Court of Appeals held (in 93 *Ga. App.* 623, 627, 92 S. E. 2d 573) as follows: "As to the telephone company, the petition alleged that the company was negligent in placing the pole within four inches of the paved portion of the highway as to members of the public who operated vehicles over the highway including those who operated legally and also as to those who operated unlawfully and negligently. It is specifically alleged that vehicles on the highway in the vicinity of the pole had been frequently operated negligently and unlawfully and at high rates of speed and that the company should and could have foreseen such negligent operation of vehicles in the exercise of ordinary care. We think that these allegations of negligence are sufficient as against a general demurrer in any event but especially in view of the allegation that there was no raised curb at the place."

In addition to the allegations above referred to by the Court of Appeals, the petition further alleges that, "As a direct and proximate cause of Tommy's gross negligence in going to sleep at the wheel, at approximately the intersection of Alma Street and Campbellton Road, he lost control of the car; the car ran over the curb line and the two right wheels of said car proceeded along the grass for a distance of approximately 50 feet and then across the end of a concrete driveway for about 10 feet, Tommy failing to regain control of said car, and failing to stop the car, allowed the front end of said car to run head-on into a utility pole of the defendant telephone company located in front of Number 1573 Campbellton Road with terrific impact; [and] said impact bent the front end of the car, demolished the radiator and hood and the *left fender* and tore the *left end of the bumper loose* from the frame and cracked the windshield." .

Irrespective of whether the mere act of placing a utility pole in close proximity to a public street which has no raised curb can, in and of itself, constitute negligence, the Court of Appeals erred in holding in this case that "the placing of the pole at such a place would be one of the concurring proximate causes of the collision," since the allegations of the petition affirmatively show that the left side of the automobile hit the pole, and the location of the pole four inches from the street was not the proximate cause of the accident, since the vehicle would have collided with the pole had it been four feet, or more, from the curb line. *Whitaker* v. *Jones, McDougald, Smith, Pew Co.*, 69 *Ga. App.* 711 (1)

(26 S. E. 2d 545); *Eberhart* v. *Seaboard Air-Line Ry. Co.*, 34 *Ga. App.* 49 (129 S. E. 2); *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d 698); *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435, 439 (20 S. E. 2d 776). See also Wood *v.* Carolina Telephone &c. Co., 228 N. C. 605, 608 (46 S. E. 2d 717, 719, 3 A. L. R. 2d 1, 5).

Accordingly, the Court of Appeals erred in reversing the judgment of the trial court sustaining the general demurrers of the defendant Southern Bell Telephone & Telegraph Company.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 13, 1956—DECIDED JULY 10, 1956—
REHEARING DENIED JULY 24, 1956.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Welborn B. Cody, Harry S. Baxter,* for plaintiff in error.

*Alston, Sibley, Miller, Spann & Shackelford, Wm. B. Spann, Jr., T. J. Long,* contra.

*Troutman, Sams, Schroeder & Lockerman, B. N. Nightingale, Crenshaw, Hansell, Ware & Brandon, Robert D. Tisinger, Russell M. Stripling, D. M. Pollock, Pittman, Kinney & Pope, Heyman, Abrams & Young, E. D. Fulcher, Scott S. Edwards, Jr., Bouhan, Lawrence, Williams & Levy, J. C. Savage, J. M. B. Bloodworth, J. C. Murphy, Henry L. Bowden, Robert S. Wiggins, Newell Edenfield,* for parties at interest not parties to record.

ON MOTION FOR REHEARING.

Counsel for respondent have filed a motion for rehearing, requesting that a specific ruling be made upon their motion to dismiss the writ of certiorari. While we made no specific ruling upon the motion to dismiss in this case, as has been done in other cases (*Bunch* v. *McLeskey*, 173 *Ga.* 545, 546 (1), 161 S. E. 128; *St. Paul-Mercury Indemnity Co.* v. *Idov*, 210 *Ga.* 256, 78 S. E. 2d 799; *Russell* v. *Corley*, 212 *Ga.* 121, 91 S. E. 2d 24), the decision rendered in the case reversing the judgment of the Court of Appeals was in effect the overruling of the motion to dismiss. Since counsel desires a specific ruling thereon, we hold that the question presented by the petition for certiorari is, in our opinion, one of gravity and importance; the certiorari was not improvidently granted, and the motion to dismiss the writ is denied. The motion for rehearing is likewise denied.