46930.   MARTIN v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

ARGUED FEBRUARY 1, 1972—DECIDED JUNE 22, 1972—
REHEARING DENIED JULY 28, 1972—

810

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., W. Lymon Dillon,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harry S. Baxter, William W. Cowan, A. Stephen Clay,* for appellees.

QUILLIAN, Judge. ■ In the posture in which this case stands on motion for summary judgment, according to well recognized and often quoted principles, this court will construe the proof offered in a light most favorable to the party opposing the motion (*Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188)) and will approve the grant of such motion only where the defendant produces evidence which conclusively negates at least one essential element entitling the plaintiff to recover under each theory fairly drawn from the pleadings and evidence. See *Werbin & Tennenbaum v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114).

Southern Bell urges that *Code* § 104-205 is dispositive of the issues in this case because the Code section absolves a telephone company from liability for any injuries occurring to one who leaves the traveled area of the road and strikes a telephone pole. This is predicated on the theory that if the pole does not interfere with the ordinary use of the road more than may be unavoidable the telephone company cannot be charged with negligence.

A thorough examination of its content reveals that *Code* § 104-205 does not serve to limit the liability of a telephone company which acts within its terms. Instead, it merely provides that the telephone company shall have the right to construct and operate telephone lines upon the public highways of this state with the approval of the governmental authorities in charge of such highways and, upon making due compensation shall have the right to construct and operate telephone lines over any lands of this state, including private lands, and to that end exercise the right of eminent domain. It also contains precautionary language to the effect that "posts . . . and other fixtures of such lines be so erected, placed, and maintained as not to obstruct or interfere with the ordinary use of such railroads or public highways, or with the convenience of any landowners, more than may be unavoidable."

The language used cannot be construed to insulate a telephone company from liability for negligent placement of its poles, for the statute does not provide that when a telephone company complies with its terms that it should be free from liability for the placement of its posts. Moreover, there are no Georgia cases which hold that *Code* § 104-205 limits the liability of one who comes within its terms. Indeed, the sounder view is that the section serves merely to allow a telephone company to utilize property on which it desires to place its poles. The language contained in *Blunt v. Spears,* 93 Ga. App. 623, 628 (92 SE2d 573) is an explicit statement of the legal principle involved. That case holds: "The fact that the company had a legal right to place the pole where it did insofar as the right to the use of the land occupied by the pole was concerned would not relieve it of negligence if the pole created a dangerous situation."

Although there is a great disparity in the language used by the various statutes involved and some difference in the conclusions reached, the majority of the courts agree that the fact that a private individual or corporation is permitted by governmental authority to erect and maintain poles or posts in or near the highway will not operate to relieve the proprietor of the liability which would originally arise if the pole, because of its location, constitutes an obstruction dangerous to travelers using the highway. Anno. 3 ALR2d 6, 13, 23.

A landowner has the right to construct buildings, to place posts and to excavate on the property which he owns. Nevertheless, a landowner has a duty not to maintain a dangerous condition with regard to travelers on a public highway immediately joining or closely adjacent to his property, so that a person passing along the way would be injured if he, by necessity or accident, slightly deviated from such way. *Greenfield v. Watson,* 54 Ga. App. 9 (187 SE 183); *Ga. Power Co. v. Murray,* 57 Ga. App. 141 (194 SE 403); *Hutson v. King,* 95 Ga. 271, 276 (22 SE 615). This is analogous to the instant situation since, while a telephone company might have a right to place poles within a certain

area, this would not necessarily absolve the company of negligence in creating a dangerous or hazardous condition for those using the public way.

We further point out that even if we adopted the statute as controlling, the word "ordinary" would include slight deviations from the traveled path and whether the deviation here constituted an ordinary use would at least be for the jury's determination.

■ Having determined that the liability of a telephone company is predicated on common law principles and is not based on statutory authority, we now consider those principles applicable to the case sub judice.

Both sides have cited and thoroughly analyzed six Georgia cases which relate to pole location. In four of these cases, the Court of Appeals found no liability on the part of the defendant. See *South Ga. Power Co. v. Smith,* 42 Ga. App. 100 (155 SE 80); *Townsend v. Ga. Power Co.,* 44 Ga. App. 132 (160 SE 712); *Stallings v. Ga. Power Co.,* 67 Ga. App. 435 (20 SE2d 776); *Lyons v. Ga. Power Co.,* 78 Ga. App. 445 (51 SE2d 459). While in two others a jury question was held to be presented. See *Lenderman v. Haynie,* 89 Ga. App. 513 (80 SE2d 216); *Blunt v. Spears,* 93 Ga. App. 623, supra. *Blunt v. Spears* was reversed by the Supreme Court. *Southern Bell Tel. &c. Co. v. Spears,* 212 Ga. 537 (93 SE2d 659). In view of the arguments made thereon, we therefore deem it pertinent to briefly discuss these cases.

In *South Ga. Power Co. v. Smith,* 42 Ga. App. 100, supra, the court considered on general demurrer a petition whose allegations, of course, were construed most strongly against the petitioner. The court there found that the petition failed to allege facts showing that the maintenance of the poles in question constituted negligence as a matter of fact. However, the court pointed out that the case did not involve the negligent maintenance of an inherently dangerous condition in close proximity to the traveled portion of the highway which, by reason of the likelihood of injury to travelers along the highway, might constitute the proximate cause of an injury to a traveler running into it.

In *Townsend v. Ga. Power Co.,* 44 Ga. App. 132, supra, also on general demurrer, the court presumed that the pole in question was erected and maintained by the city commission in the exercise of its governmental function. The court there expressly declined to decide if the same result would obtain where a street-railway company is authorized to choose and does itself choose the location of the pole.

In *Stallings v. Ga. Power Co.,* 67 Ga. App. 435, supra, the car in which the plaintiff was riding crossed over the center line, the shoulder of the road, went off an embankment and struck a pole 3 feet beyond the shoulder of the road on the opposite side of the right-hand driving lane. The defendant there was not held liable for he was not bound to foresee and provide against the unusual and improbable thing that occurred.

*Lyons v. Ga. Power Co.,* 78 Ga. App. 445, supra, also involved proximate cause and foreseeability. The court found that the petition did not clearly indicate whether the pole in question was in close proximity to the traveled portion of the street. The court held that location of the pole in that case was not the proximate cause of the injury which the plaintiff received but the actions of the driver of the car in which the plaintiff was riding constituted the sole cause of the injury. This decision was by a divided court.

In *Lenderman v. Haynie,* 89 Ga. App. 513, supra, the plaintiff was struck by an electric transformer suspended on a pole which was located on a sidewalk against the curb and within 6 inches of the traveled portion of the street. The court found that the placing of the pole in conjunction with suspending a 400-pound transformer from a weak and rotten cross-arm made this a case of negligent maintenance of an inherently dangerous condition in close proximity to the traveled portion of a highway. The court held: "A question for the determination of a jury was raised as to whether or not the defendant power company could have anticipated that someone using the street, either negligently or lawfully, might strike the pole and cause the

transformer to fall." *Lenderman v. Haynie,* 89 Ga. App. 513, 521, supra.

*Blunt v. Spears,* 93 Ga. App. 623, supra, contains many similar facts to the case sub judice. In that case, while the pole was located in close proximity to the traveled portion of the road, there was no raised curb in that place. However, it should also be noted that there was no sharp curve in the road and no showing that the slope of the road was such as to cause vehicles to leave the road near to or at the point where the collision occurred. In reversing the Court of Appeals, the Supreme Court held that: "The Court of Appeals erred in holding in this case that 'the placing of the pole at such a place would be one of the concurring proximate causes of the collision,' since the allegations of the petition affirmatively show that the left side of the automobile hit the pole, and the location of the pole four inches from the street was not the proximate cause of the accident, since the vehicle would have collided with the pole had it been four feet, or more, from the curb line." *Southern Bell Tel. &c. Co. v. Spears,* 212 Ga. 537, 538, supra. The Supreme Court made no determination as to whether the act of placing a utility pole in close proximity to a public street would constitute negligence.

As this review has shown there is no clear cut controlling authority on the question of negligence involving pole location. Furthermore, the foreign authorities cited and which we have investigated are conflicting and divided.

It is therefore evident that the basic rules of negligence as enunciated in the above cases and others should be applied. As pointed out in Bourget v. Public Service Co., 98 N. H. 237 (97 A2d 383), the propriety of a pole's location is not determined "as a matter of law solely because it is located in that part of the highway commonly occupied in cities by a sidewalk and such obstructions as traffic lights and signs, hydrants and utility poles, outside of and separated by a curbing from the area used by vehicles. The liability for improperly placing a pole in the highway "arises out of the neglect of the precautions required by the condi-

tions of public travel." '" The Georgia cases we have here considered give recognition to the principle that one may be liable for the negligent maintenance of a dangerous condition in close proximity to the traveled portion of a highway.

"Questions of negligence, as to cause and proximate cause, and as to what negligence or whose negligence constitutes the proximate cause of the damages incurred in tort cases, except in plain and palpable cases, are solely for the jury." *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (2) (176 SE2d 487). See *Bussey v. Dawson,* 224 Ga. 191, 193 (160 SE2d 834). Such issues are not susceptible to summary adjudication. *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259 (174 SE2d 178).

In considering the issues of this case we are confronted with a question which has proved to be vital and controlling in other cases; to wit—proximate cause. Southern Bell contends it cannot be found negligent since it was not bound to anticipate or foresee that others would negligently leave the road and strike the pole. In this connection, while the plaintiff alleged that the driver of the vehicle was guilty of gross negligence, from the proof offered, there was nothing to show as a matter of law that this was true and in fact the precise cause of the automobile's leaving the road was not established.

Southern Bell insists that it can only be liable to those who make an ordinary use of the road and that ordinary use does not encompass any more than the road itself. We cannot agree with this assertion. Ordinary drivers are not perfect and perforce will stray. Ordinary use must include some occasional variation from the strict confines of the highway, most especially where, as in this case, there is a curve and wrong-way banking of the road.

The fact that the vehicle left the road 30 feet before striking the pole does not show such extraordinary or unlawful use of the road as to make such occurrence unforeseeable. Even though the driver of the vehicle in which the plaintiff was a passenger might have been negligent, "The proximate cause of an injury may be two separate and dis-

tinct acts of negligence acting concurrently in causing the injury. [Cits.] While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrong-doer, the negligence in the intervening act may concur with the negligence of the original wrong-doer in causing the injury, and the perpetrators of both acts may be joint tortfeasors." *Allyn & Bacon Book Publishers v. Nicholson,* 58 Ga. App. 729 (1) (199 SE 771).

*Blunt v. Spears,* 93 Ga. App. 623, 629, supra, adopted the modern theory of eliminating foreseeable consequences as a test of proximate cause and cited with approval Prosser on Torts: "The view is that once it is determined that a defendant was negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences." Whether or not this holding was in any way modified by *Southern Bell Tel. &c. Co. v. Spears,* 212 Ga. 537, supra, the statement contained on page 628 of *Blunt v. Spears* is still apt. "If the telephone company should have anticipated that injury would result from the location of its pole, it is immaterial if it did not anticipate the particular manner in which a given injury would occur."

The traditional approach is thoroughly discussed in *Williams v. Grier,* 196 Ga. 327, 337 (26 SE2d 698), which holds: "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result."

The proof showed that the pole could have been set 10 feet from the curb without impairing its usefulness, and that the right of way extended 14 feet from the curb. Furthermore, unlike *Blunt v. Spears,* 92 Ga. App. 623, 629, supra, if the pole had been 4 feet away the collision would

not have occurred, since here the pole was struck by the right side of the vehicle. There was evidence that Southern Bell's own safety regulations required that a pole be located 6 inches from the street. The collision would still have resulted had the pole been 6 inches away or for that matter even a foot. However, the fact that a slight variation in pole location would not have prevented the collision cannot be said to bar a finding of negligence in pole location, or that such location in close proximity of the road was not a concurring proximate cause of the collision.

Where as here the pole is struck by a vehicle which moves approximately one foot off the road and under existing conditions of the road's banking (reverse superelevation) which tend to cause a vehicle to move in such direction, then a finding of negligence can be sustained. The jury might find that the defendant ought to have anticipated that there might have been some deviation, negligent or inadvertent, "off the beaten track." Furthermore, where a pole is so located a jury might also find that the absence of any additional precautions or safety measures being taken by the defendant would constitute negligence.

The issues as to pole location, the defendant's duty to anticipate just such a result as here occurred and whether having located the pole in close proximity to the road any resultant duties befell the defendant to warn or prevent such occurrence should not be determined as a matter of law but are properly the jury's prerogative. Hence, the trial judge erred in granting Southern Bell's motion for summary judgment.

*Judgment reversed. Bell, C. J., Pannell, Deen, Evans, Clark and Stolz, JJ., concur. Hall, P. J., and Eberhardt, P. J., dissent.*

HALL, Presiding Judge, dissenting as to Division 2. I agree that the owner of a utility pole may be liable for its negligent placement. In *Southern Bell Tel. & Tel. Co. v. Spears,* 212 Ga. 537 (93 SE2d 659), the Supreme Court did not preclude this basis for liability; but it did make clear that the placement of a pole had to be a proximate cause of

the resulting injury. I believe the facts here show plainly and palpably that the pole placement was not a concurring proximate cause of the plaintiff's injuries.

By definition, another object is involved in any collision. One may truthfully say that if the particular object had not been there, the particular injury would not have occurred. That is not the doctrine of concurrent proximate cause, however. Legal cause is a limitation of factual cause. If a driver mounts a curb, he is not entitled to a clear path until he stops or regains the road; nor is the owner of an impeding object necessary liable for his failure to provide such a path.

In Georgia, the general test for liability in similar situations has been whether the object or hazard is maintained in such a place that it could be reached by a slight or ordinary deviation made by a careful traveler (variously described as one without fault on his part, one in the exercise of due diligence or one in the exercise of ordinary care). *Hutson v. King,* 95 Ga. 271 (22 SE 615); *City Council of Augusta v. Dozier,* 126 Ga. 524 (55 SE 234); *Greenfield v. Watson,* 54 Ga. App. 9 (186 SE 711); *Poole v. Southern R. Co.,* 34 Ga. App. 290 (129 SE 297). While this test pertains to the owner's duty, it also relates to proximate cause. The two are "inextricably interwoven." Prosser on Torts (2d Ed.) p. 253, § 47. Therefore, if the deviation is out of the ordinary and made by one not proceeding with care, then the maintenance of the object or hazard is not a concurring legal cause of the injuries. It is merely a condition upon which the acts of the traveler operate.

Whether or not a jury might find the driver here to be grossly negligent, under the undisputed facts it would not be authorized to find him to have been traveling carefully or with due diligence. He entered a sharp, downward curve (which was familiar to him) at a speed *at least* five miles per hour greater than the maximum safe speed; he mounted a five-inch curb some 30 feet before the apex of the curve (which is the most likely spot to go off, according to plaintiff's own evidence); he remained off the road for the entire 30 feet and was still driving with sufficient velocity

not only to break the pole in two but to continue for another 12 feet until he ran into a tree. (The tree's owner is not being sued). It is also worth noting that the parties here do not know of any previous accidents on this curve. In other words, it would appear to require more than ordinary non-perfect driving to have performed this feat.

These facts cannot possibly be interpreted as an accidental or inadvertent "straying" from the road; nor as a situation in which, assuming minor negligence, the car was thrown off at the apex into the pole by the reverse banking, the only reasonably foreseeable occurrence. It is plain and palpable that the sole proximate cause of injuries resulting from this collision was the action of the driver. I believe the trial court was correct in granting summary judgment.

I am authorized to state that Presiding Judge Eberhardt concurs in this dissent.