### HITCHCOCK *v.* CULVER *et al.*

1. A charge created by deed upon "the annual rents, issues and. profits of . . land, but not upon the land itself," for the support of a designated person, can not be enforced by a sale of the corpus of the property ; and this is so although it was, after the execution of the deed, in a proper proceeding with all the parties at interest before the court, adjudged that the grantees named in the deed should pay annually to the beneficiary specified sums, the collection of which was to be enforced by executions to "be levied of the income, rents and profits derived of the premises, . . and if there be no such rents and profits, then against any other property of the common owners in default." The words "any other property," as used in the judgment, construed in the light of the deed, referred to property entirely distinct from that thereby conveyed.
2. An equitable petition does not lie to enjoin proceedings under a levy, when the defendant in execution has a complete and adequate remedy by illegality.

Submitted March 21, — Decided April 18, 1899.

Equitable petition — demurrer. Before Judge Reese. Hancock superior court. February term, 1898.

*Hunt & Merritt*, for plaintiff.
*R. H. Lewis* and *James A. Harley*, for defendants.

LUMPKIN, P. J.   On the 2d day of December, 1875, Charles W. DuBose conveyed a described tract of land in Hancock county to Rebecca T., Emma W., Aquilla, and Belle L. Thomas, the children of Mrs. Georgia Ann Thomas, who subsequently intermarried with one Culver. This deed declared, among other things, that the grantees, in accepting the same, agreed to furnish Mrs. Thomas, " during her lifetime, annually, from

time to time as she may demand it, a sufficiency of food and clothing and other actual necessaries suitable to her condition in life; and this support is made a charge upon the annual rents, issues and profits of said land, but not upon the land itself." In 1896, upon a proper equitable proceeding looking to a partition of the land and having in view the further purpose of fixing the amounts which the children of Mrs. Culver should, respectively, pay for her support, all the persons interested being parties, it was adjudged that the children should pay to her annually specified sums, the same to be enforced by executions to be issued in her favor. It was further adjudged that these sums should " be a first charge against the rents, income and profits" of the land, and that the executions provided for "be levied of the income, rents and profits derived of the premises partitioned, and if there be no such rents and profits, then against any other property of the common owners in default." Subsequently an execution was issued against one of the children of Mrs. Culver, viz. Rebecca, who had intermarried with one Hitchcock; and it was levied upon her share in the partitioned land. Thereupon she filed an equitable petition to enjoin the further progress of this levy; and the injunction prayed for having been denied, she excepted.

1. We are quite sure that the execution could not lawfully proceed against the land held by Mrs. Hitchcock. It was the manifest scheme and purpose of the deed executed by DuBose that the corpus of the property thereby conveyed should never be subjected to the charge for a support created in favor of Mrs. Culver; and construing the judgment above mentioned in the light of this deed, it is equally clear that, so far as this realty was concerned, only the income arising therefrom could be so subjected. The words, "any other property of the common owners in default," in the extract above quoted from the judgment, evidently referred to property entirely distinct from that conveyed by the DuBose deed. To hold otherwise would, we think, not only defeat the intention of the grantor in making the deed, but also do violence to the purpose of the judgment rendered to effectuate that intention.

2. There was, however, no error in denying the injunction.

The execution was proceeding illegally against the property of Mrs. Hitchcock, and she had, under section 4736 of the Civil Code, an ample and complete remedy by illegality.

*Judgment affirmed.　All the Justices concurring.*