## JOHNSON *et al. v.* GILMER, sheriff.

1. The extraordinary equitable remedy of injunction does not lie in favor of one who has a complete and adequate remedy at law.
2. A court of equity will not by injunction prevent the misappropriation by officers of another court of funds collected from fines and forfeitures and due another officer of such court.    The remedy of the party aggrieved is by application to the judge of that court to have the fund properly applied.

Argued June 21, — Decided July 23, 1901.

Injunction.    Before Judge Estes.    Hall superior court.    May 14, 1901.

*H. H. Perry* and *Hubert Estes*, for plaintiffs in error.
*W. A. Charters* and *H. H. Dean*, contra.

COBB, J.    The sheriff of the city court of Hall county filed, in the superior court of that county, a petition to restrain certain officers of the city court from paying, and a special bailiff of that court from receiving, certain moneys collected in the city court from fines and forfeitures, which the petitioner claimed to be due him as insolvent costs.    In response to the rule calling upon them to show cause why the injunction should not be granted, the defendants filed a demurrer in which, among other things, it was set up that

there was no equity in the petition, and that the petitioner had an adequate remedy at law by proper motion in the city court. The judge granted the injunction, and the defendants excepted.

1. Since the passage of the uniform procedure act of 1887 a petition praying for only ordinary equitable relief has not been demurrable on the ground that the plaintiff has a complete and adequate remedy at law. *Reid* v. *Wilson,* 109 *Ga.* 424; *Teasley* v. *Bradley,* 110 *Ga.* 497 (4); *Kruger* v. *Walker,* 111 *Ga.* 383. But this rule does not apply where extraordinary equitable relief, such as injunction, and the like, is sought. The extraordinary powers of a court of equity will never be exercised where the applicant has a remedy at law which is sufficiently complete and adequate to enforce his rights or redress his wrongs. *Stillwell* v. *Savannah Grocery Co.,* 88 *Ga.* 100 (2); *Hitchcock* v. *Culver,* 107 *Ga.* 184 (2); *Moore* v. *Guyton,* 110 *Ga.* 330; *Cincinnati Railway Co.* v. *Cathcart,* 111 *Ga.* 818.

2. Every court has the inherent power to regulate the official conduct of its own officers, and the disbursement of funds collected in that court and due them for their official services. The proper course, therefore, for the plaintiff in the present case to have pursued would have been to present to the judge of the city court his account for official services and have the same approved. If the account was approved, and the officers whose duty it was to collect and disburse the moneys declined to pay to the sheriff his pro rata of the insolvent costs, his remedy would have been to bring them before the court by a rule calling upon them to show cause why they had not paid him the amount due him. If they had already improperly disbursed his portion of the fund, he would have the right to proceed against them for the sum so misappropriated, either by a rule in the city court or by an action at law in any court having jurisdiction. If the judge refuses to approve his account, he has a remedy to correct this error, if an error, by certiorari to the superior court or writ of error to this court. In no view of the matter was the plaintiff entitled to an injunction. A court of equity is loath to interfere with the internal and purely ministerial affairs of another court. Under this view of the matter, it is unnecessary to express any opinion on the question of the compensation of the special bailiff appointed for the city court.

*Judgment reversed. All the Justices concurring.*