RICE, executor, *v.* MAYOR AND COUNCIL OF MACON *et al.*

An owner of a lot upon a street in the City of Macon, against which an assessment has been made for a portion of the cost of paving and curbing such street, and upon which an execution for the enforcement of the collection of such assessment has been levied, is provided with an adequate and complete statutory remedy, by an affidavit of illegality, for the assertion and protection of any rights he may have which are in danger of being violated by the sale of the property under such execution, and therefore is not entitled to invoke the exercise of the extraordinary power of a court of equity for their protection.

Argued February 19, — Decided March 13, 1903.

Petition for injunction. Before Judge Felton. Bibb superior court. January 5, 1903.

*M. Felton Hatcher, Richard Curd,* and *Hall & Wimberly,* for plaintiff. *Alexander W. Stephens* filed a brief.

*Minter Wimberly* and *Dessau, Harris & Harris,* for defendants.

Fish, J. For the purpose of enforcing the collection of certain paving and curbing assessments, the Mayor and Council of the City of Macon caused two executions to be issued against certain city lots belonging to Mrs. McGolrick, the executions being against different property. Each of these executions was levied by the city marshal upon the property therein described, and Mrs. McGolrick brought an equitable petition to enjoin the municipal corporation

and the city marshal from proceeding with the advertisement and sale of the property to satisfy the executions. The municipal corporation filed an answer of law, in the nature of a demurrer, to the plaintiff's petition, and, subject to this, filed a regular answer to the allegations contained in the petition. . Upon the interlocutory hearing the injunction prayed for was refused, to which judgment Mrs. McGolrick excepted, and we are to determine whether or not the court erred therein. In the view which we take of the case, it is neither necessary nor proper for us to consider any of the questions made by the plaintiff in the petition for injunction ; for if, as we shall undertake to demonstrate to be true, the plaintiff had an adequate remedy at law, she was not entitled to an injunction, and, irrespectively of the merit or want of merit in her case as stated in her petition, the judge below was right in the judgment which he rendered. While, since the passage of the uniform procedure act of 1887 (Civil Code, § 4833), a petition filed in accordance with that act, which prays for no relief that calls for the exercise of any of the extraordinary powers of a court of equity, is not, though equitable in its nature, demurrable upon the ground that the plaintiff had an adequate remedy at law, yet if a petition is filed for the purpose of obtaining some extraordinary relief and it is apparent from the facts alleged therein that the petitioner has a complete remedy at law, it is demurrable upon this ground, and the existence of such a remedy is a sufficient reason for refusing to grant the extraordinary relief prayed for. *Stillwell* v. *Savannah Grocery Co.,* 88 *Ga.* 100 ; *Johnson* v. *Gilmer,* 113 *Ga.* 1146. In this connection see also the remarks of Mr. Justice Cobb in *Teasley* v. *Bradley,* 110 *Ga.* 505. ." An equitable petition does not lie to enjoin proceedings under a levy, when the defendant in execution has a complete and adequate remedy by illegality." *Hitchcock* v. *Culver,* 107 *Ga.* 184. In the present case the plaintiff could have raised and had determined every question made in her petition, by affidavit of illegality interposed to the executions. The act of December 11, 1896 (Acts 1896, p. 199), amending the charter of the City of Macon, provides that the defendant in an execution to enforce the collection of a paving assessment "shall have the right to file an affidavit denying that the whole or any part of the amount for which said execution issued is due, and stating what amount he admits to be due, which amount so admitted to be due

with all costs shall be paid and collected before the affidavit is received, and the affidavit shall be received for the balance, and such affidavit so received shall be returned to the superior court of Bibb county and there tried and the issue determined as in cases of illegality, subject to the pains and penalties provided in cases of illegality for delay." p. 207.    The act of December 4, 1900 (Acts .1900, p. 328), amending the charter of the City of Macon, provides:    "The property holder shall have the right to contest the validity of any execution or the correctness of said assessment as provided in act of December 11, 1896, and in said counter-affidavit said property owner shall have the right to raise any constitutional question, and the question as to whether or not the improvement upon said street has enhanced the value of his property to the amount of said assessment, which said counter-affidavit or affidavit of illegality shall be returned to the superior court of Bibb county, to be there tried as in other cases of illegality." p. 332.

We think it is clearly evident from these provisions in the acts of 1896 and 1900 that the plaintiff had an adequate remedy at law, and therefore there was no necessity whatever for her to invoke the extraordinary power of a court of equity for the purpose of protecting her right; and this being true, she was not entitled to an injunction, and the judge below would have erred if he had granted it.    She alleged that her property had been damaged, instead of benefited, by the way in which the street had been paved and curbed, and therefore that the city had no right to enforce the collection of the assessments made against it.    Under the provisions of the act of 1900, she could have made the same allegation and raised the same question by an affidavit of illegality.    She attacked the constitutionality of the provisions of the city charter in reference to the paving and curbing of streets, upon various grounds.    Under the act of 1900, she could have done this in an affidavit of illegality.    She contested the validity of the executions, upon other grounds.    The act gave her "the right to contest the validity of any execution," without restrictions as to the grounds upon which the contest could be made, by an affidavit of illegality. In the act of 1900 the legislature evidently sought to cure any infirmity that there might be in the provisions of the act if 1896 in reference to the ground which could be covered by the affidavit of illegality authorized by the last-mentioned act.    It was not con-

tent to enact the broad provision that a lot owner, upon whose property an execution for the enforcement of the collection of an assessment for paving and curbing a street might be levied, should have, by an affidavit of illegality, "the right to contest the validity of any [such] execution or the correctness of the amount of said assessment," but, being apparently apprehensive lest the right to contest the validity of the execution might not be deemed sufficient to cover any and every constitutional question which might arise, it specially provided that, by such an affidavit, "said property owner shall have the right to raise *any* constitutional question." And, in order to make it sure that a lot owner who claimed his property had not enhanced in value by the street improvements, or not enhanced in value to the amount of the assessment against it, should have the right to raise this question by affidavit of illegality, provision was specially made that he might thus do so. Again it seems to have been the purpose of the General Assembly to prevent lot owners from interfering with the collection of paving assessments for the mere purpose of delay for the act of 1896 provides that the property owner filing an affidavit of illegality to an execution issued for a paving assessment shall do so "subject to the pains and penalties provided in cases of illegality for delay." This salutary purpose might be defeated if the property owner were allowed to delay the collection of the assessment by an action in equity, which, even if brought for the mere purpose of delay, would not subject him "to the pains and penalties provided in cases of illegality for delay." We are clearly of opinion that the legislature not only intended to prevent the necessity of a resort to the extraordinary powers of a court of equity by a landowner, in order to protect his rights, but, knowing that the exercise of these powers could not be legally invoked by him if he were provided with an adequate statutory remedy, it intended, when *it* provided him with such a remedy, that he should *not resort to* them. The judgment refusing the injunction was right, regardless of the case made by the evidence.

*Judgment affirmed. By five Justices.*