## CHADWICK v. DOLINOFF.

CANDLER, Justice. John Chadwick, doing business as John Chadwick Dance Studios, on May 1, 1950, employed Alexis Dolinoff of Lake Cupsaw, Wanaque, New Jersey, to teach ballet dancing for him in his Augusta, Georgia, studio from September 4, 1950, to June 1, 1951, for a stipulated amount. By the terms of their written contract, a copy of which was attached to and made a part of the petition, Dolinoff agreed that he would not, directly or indirectly, during the term of his employment and for five years next thereafter, either in Augusta, Georgia, or in any county which adjoins a John Chadwick Dance studio, or within a radius of twenty-five miles of such a studio, engage, as owner or otherwise, in the business of dance instruction or accept employment in any capacity in such a business. Their contract also contains the following: "It is hereby agreed between the employer and

the employee that, should the employee break any of the agreements contained in this contract, or any part of the contract, or all of the contract, then the employee shall pay to the employer the amount of seven hundred ($700.00) dollars, such amount being the approximate and agreed damage that is admitted to naturally flow from such breach." On December 29, 1950, Chadwick filed an equitable petition in the Superior Court of Richmond County against Dolinoff, alleging that he had on December 11, 1950, breached his employment contract in specified particulars, and was on January 2, 1951, opening a competitive studio, or school for dance instruction, in Augusta, Georgia, in violation of the terms of his contract. He prayed that the defendant be enjoined from doing so. The petition did not allege insolvency or any other reason why a money judgment against the defendant could not be obtained and collected. There is an allegation that the petitioner will suffer an irreparable injury from the defendant's violation of the contract, but the conclusion is not based on facts alleged in the petition. The court sustained a general demurrer to the petition and dismissed it. The exception is to that judgment. *Held*:

1. An action at law lies for the breach of a contract, and damages are given as compensation for the injury. Code, § 20-1407; *Georgia Railroad* v. *Hayden*, 71 *Ga.* 518; *Whitlock* v. *Mozley & Co.*, 142 *Ga.* 305, 306 (2) (82 S. E. 886). If the parties agree, in their contract, what the damages for a breach of it shall be, they are said to be liquidated; and unless the agreement violates some principle of law, the parties are bound thereby. Code, § 20-1402; *Martin* v. *Lott*, 144 *Ga.* 660 (87 S. E. 902); *Tuten* v. *Morgan*, 160 *Ga.* 90 (127 S. E. 143). In the present case, the parties' made such an agreement, and no contention is here made that it violates any principle of law. Consequently, the agreement as to damages resulting from any violation of the contract involved is binding upon the parties.

2. "Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done." Code, § 37-102. The universal test of the jurisdiction of a court of equity to issue injunctions is the absence of a legal remedy by which the complainant might obtain the full relief to which the facts and circumstances entitle him, and this is likewise the test of its power to restrain breaches of a contract. Code, § 55-101; 28 Am. Jur., 277, § 83; *Justices of the Inferior Court of Dougherty County* v. *Croft*, 18 *Ga.* 473; *Campbell* v. *Deal*, 185 *Ga.* 474, 480 (195 S. E. 432); *Benton* v. *Turk*, 188 *Ga.* 710, 711 (2) (4 S. E. 2d, 580); *Imperial Hotel Co.* v. *Martin*, 199 *Ga.* 801 (35 S. E. 2d, 502).

3. In the instant case, no legal reason appears from the allegations of the petition why the plaintiff, without seeking an injunction, is not possessed of an adequate and complete remedy at law; and, in the absence of such indispensable averments, the petition fails to state a proper cause for the extraordinary equitable remedy of injunction. *Hitchcock* v. *Culver*, 107 *Ga.* 184 (33 S. E. 35); *Moore* v. *Guyton*, 110 *Ga.* 330 (35 S. E. 339); *Cincinnati, Hamilton &c. Ry. Co.* v. *Cathcart*, 111 *Ga.* 818 (35 S. E. 640); *Johnson* v. *Gilmer*, 113 *Ga.* 1146 (39 S. E.

469). In the *Johnson* case, it was said: "The extraordinary powers of a court of equity will never be exercised where the applicant has a remedy at law which is sufficiently complete and adequate to enforce his rights or redress his wrongs." And *Wells* v. *First National Exhibitors' Circuit, Inc.*, 149 *Ga.* 200 (99 S. E. 615), does not require a ruling in the case at bar different from the one made above. It follows, from what has been said above, that the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 17393. MARCH 12, 1951.

*Congdon, Harper & Leonard,* for plaintiff.
*M. Harry Steine* and *Henry J. Heffernan,* for defendant.