### 21391.   AVIS, INC. v. GRAHAM.

Argued September 12, 1961—Decided October 5, 1961.

*Cumming, Nixon, Eve, Waller & Capers, Saml. C. Waller,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper,* contra.

HEAD, Presiding Justice. P. B. Graham, doing business as Graham-U-Drive-It, brought a petition against Avis, Inc., a Maine corporation, seeking temporary restraining order and permanent injunction to restrain the cancellation of an exclusive license agreement between the parties, and other incidental matters pertaining thereto, and for damages in the sum of $10,000 for the breach of the contract. After hearing evidence, the trial judge granted an interlocutory injunction. The bill of exceptions assigns error on the granting of the injunction, and the dismissal of the defendant's answer.

■ "An injunction may only restrain; it may not compel a party to perform an act. It may restrain until performance." *Code* § 55-110. The petition filed by the plaintiff and the evidence on the interlocutory hearing plainly showed that the contract had been canceled, and all the substantial acts sought to be restrained had been done, prior to the date the petition was filed.

Whether or not the defendant was justified in canceling the contract, for the reasons set out in its letter to the plaintiff notifying him of such cancellation, may be determined on the trial of the cause. The petition prayed for damages for the breach of the contract, and if it be determined that the contract was illegally breached, he may recover his damages. "An action at law lies for the breach of a contract, and damages are given as compensation for the injury." *Chadwick v. Dolinoff,* 207 Ga. 702 (64 SE2d 76).

In *Goodrich v. Georgia R. & Bkg. Co.,* 115 Ga. 340 (41 SE 659), it was held: "While under the Code an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act." This principle is not applicable to the present case. The contract

has been canceled by the defendant. "Injunction will not be granted to restrain acts already completed." *Shurley v. Black,* 156 Ga. 683 (2a) (119 SE 618); *Campbell v. Deal,* 185 Ga. 474, 480 (195 SE 432); *Hapeville-Block, Inc. v. Walker,* 204 Ga. 462 (50 SE2d 9); *Sandt v. Mason,* 208 Ga. 541 (67 SE2d 767). The trial judge erred in granting the interlocutory injunction.

■ The petition was filed on April 14, 1961. It was ordered that the defendant be served through the Secretary of State, as a foreign corporation doing business in this State without a designated agent for service. The certificate of the Secretary of State shows that copies of the petition and process were received in his office on April 17, 1961, and copy forwarded to the defendant by registered mail on the same date.

The defendant filed its answer on May 19, 1961. At the hearing on the interlocutory injunction on May 23, 1961, the defendant appeared before the court in response to the rule nisi. At the hearing the plaintiff moved to dismiss the defendant's answer as having been filed too late and without the payment of accrued court costs. The court, after argument of counsel, ordered that the answer be dismissed. The hearing was continued until a later hour that day, at which time the defendant presented to the court a statement from the clerk of the court that all court costs had been paid as of that date. On May 29, 1961, the defendant refiled its answer to the petition and paid the additional court costs which had accrued since May 23, 1961.

It is provided in Ga. L. 1959, pp. 126, 127 (*Code Ann.* § 22-1508), that if a foreign corporation, doing business in this State, and which does not maintain a place of business and agent in this State upon whom service may be perfected, shall fail to designate some person or persons who may be found and served with notice, summons, or process in this State, "then service of summons or process shall be made upon such corporation by leaving two copies of the petition or other pleading with copy of process or summons thereto attached, with a fee of $2 for each defendant, in the hands of the Secretary of the State of Georgia, and such service shall be sufficient service upon such nonresident corporation, provided that notice of such service and a copy of the petition and process is forthwith sent by

registered mail by the plaintiff or the Secretary of State of Georgia, to the principal office of said corporation . . . and the corporation's return receipt and the plaintiff's affidavit of compliance herewith are appended to the petition and summons or other process and filed with summons, petition and other papers in said case in the court wherein the action is pending. . ."

The record in the present case does not show that this section was fully complied with, since "the corporation's return receipt and the plaintiff's affidavit of compliance herewith" are not appended to the petition and process. A defendant is required to answer a petition "within thirty days after the service of the petition and process." *Code* § 81-201, as amended, Ga. L. 1946, pp. 761, 768. Service upon the Secretary of State is not service upon the nonresident corporation until the copy of the petition is received by the corporation. In the present case, since the corporation's return receipt is not attached to the petition, we do not know whether the answer of the defendant was filed within thirty days. However, service was not perfected under the terms of the statute, and the court did not acquire jurisdiction of the defendant until the filing of its answer. The defendant could not have been in default in filing its answer when the court had not acquired jurisdiction of it until that time.

It further appears that the defendant filed its answer and paid the accrued court costs within 45 days from the time the copy of the petition was received in the office of the Secretary of State, which must have been within 45 days of the time that copy was received by it. A default may be opened as a matter of right by the filing of a defense within 15 days after the appearance day, upon the payment of costs. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 451 (*Code Ann.* § 110-401); *Potts v. Smith Grain Co.*, 99 Ga. App. 270, 272 (108 SE2d 285).

*Judgment reversed. All the Justices concur.*