## 57282. LOVE v. SAVANNAH ELECTRIC & POWER COMPANY.

McMurray, Presiding Judge.

This is a condemnation case involving a 25-foot strip of land parallel and adjoining an existing right-of-way of condemnor, Savannah Electric & Power Company. The easement taken is from a tract of land upon which condemnee at the time of the taking operated his business.

At trial the condemnee testified that after the taking there was insufficient area within which to conduct his business and attempted through several witnesses to introduce evidence as to the cost of piping and filling a drainage canal which bisected his property.

Condemnee's contention was that with the canal piped and filled his former business location would once again be suitable for the conduct of his business of constructing and repairing fishing nets and that the cost of this work on the canal was proper consequential damages in this action.

The jury returned a verdict for $4,000 for the easement to the .63 acres of land. Condemnee appeals, contending the trial court erred in refusing to admit evidence as to the cost of piping and filling the drainage canal and contending errors in the charge. *Held:*

1. Condemnee failed to comply with Rule 18 (c) (1) (Code § 24-3618) of this court in that condemnee's argument fails to follow generally the order of enumerations of error and is not numbered correspondingly.

2. Generally, the correct measure of damages for consequential damages to the remaining portion of a piece of property from which the taking is made is the difference in value of the remaining property immediately after the taking as compared to its value immediately before the taking for the particular proposed improvement. *State Hwy. Dept. v. Howard,* 124 Ga. App. 76 (3) (183 SE2d 26). The evidence as to the cost of piping and filling the drainage canal is irrelevant to this measure of damages.

Nor is the excluded evidence relevant to any issues involving business damages. It is true that where the condemnee has proven that the condemned property has some unique or peculiar relationship to the condemnee in his business the Constitution requires that the damages for which the business be compensated include damages caused by loss of profits and diminution of the business. But the excluded evidence is not relevant to this measure of damages. The trial court did not err in excluding evidence as to the expense of piping and filling the drainage canal on condemnee's property.

3. Condemnee's final enumeration of error relates to his request to charge based on the rulings of *Bowers v. Fulton County,* 221 Ga. 731, 739 (146 SE2d 884), which were approved and charged to the jury. No reversal is permitted for invited error. Also, no objection was made to the charge as given. This enumeration of error is without merit.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued February 13, 1979 — Decided April 30, 1979.

*Lewis & Javetz, Emanuel Lewis,* for appellant.
*Bouhan, Williams & Levy, James M. Thomas, Joseph P. Brennan,* for appellee.