62062. GRAHAM BROTHERS' CONSTRUCTION COMPANY, INC. v. C. W. MATTHEWS CONTRACTING COMPANY, INC.

McMURRAY, Presiding Judge.

On July 7, 1975, C. W. Matthews Contracting Company, Inc., and Gentry & Thompson, Inc., entered into a contract with the Georgia Department of Transportation for the relocation around the Atlanta airport of a portion of Interstate Highway 85 and to perform, among other items, 4.039 miles of grading. The contract was for more

than $13 million. Matthews, as prime, then entered into a written subcontract agreement with "Graham Brothers," as subcontractor, in the amount of $933,642.10 to perform certain items of the bid such as "Clear & Grub" for $33,000; "Unclass. Excav., Incl. Haul," for $897,293.10, and "Subgr Stab. Aggr. TP. II," for $3,349, with certain clarification notations incorporated with reference to these items. The contract provided, among other things, for payment for the actual work performed to the satisfaction of the prime and/or owner to the extent of payments actually received by "Prime from Owner," less a retainage in addition to any withheld by the owner; and to complete the work not later than "same as prime" and to maintain such rate of progress in performance of said work so as not to impede the prime or any other subcontractor in the performance of the work; and the quantity of the work contracted "may be increased or decreased in the same manner as provided in the Contract between Prime and Owner."

Graham contends that there were certain oral modifications as to the subcontract even before the work began which were not reduced to writing nor reflected in the written contract and that there was no agreement as to the time duration it would stay on the job nor as to the quantity of dirt it would move. However, as above stated, the subcontract in paragraph 7 stated that the work would be completed "not later than same as prime ['same as prime' typed into a blank space in the contract]," and the quantity of work might be increased or decreased "in the same manner as provided in the Contract between Prime and Owner." Sometime between January 30, 1976, and March 1, 1976, after partial completion of the contract, Graham left the project contending that there was an agreement with Matthews that if Graham would sell Matthews certain equipment that Matthews would not hold Graham liable for any extra costs on this project. Matthews did buy $210,000 worth of equipment from Graham in March, 1976, but Matthews disputes the claimed oral side agreements to the contract and the oral agreement regarding permission for Graham to leave the project sometime in February, 1976. It contends that on March 17, 1976, it notified "Graham Brothers Construction Co., Inc.," that it was in default under the terms of the contract based upon the fact that it had ceased operations and was removing its equipment from the project, having advised Matthews that it was financially unable to continue operations and was abandoning the job. Hence, under the terms of the contract, Matthews was taking over the job and completing the remainder of the work, subcontracting it and retaining all monies due under the contract, as well as any due under other contracts whether with Matthews or affiliated companies with Matthews and that it

would attempt to complete the work economically as able but that it would look to the subcontractor "for any deficiency that may exist upon completion."

On January 27, 1977, Matthews sued Graham Brothers Construction Co., Inc., seeking recovery in the amount of $320,594.31 after credit against their damages for breach of the written subcontract. Plaintiff contended that defendant Graham, after performing part of the contract "continued work under said subcontract until February, 1976," thereafter ceasing operations and abandoning the job in February, 1976, thus breaching the terms and conditions of the contract.

Defendant Graham answered, admitting execution of the subcontract, part performance, contending it withdrew by agreement after selling part of its equipment to the plaintiff and otherwise denied the claim, contending further that it was entitled to an accounting and sought recovery from the plaintiff of an additional $150,000. Plaintiff Matthews then, by four separate amendments, changed the amounts due under the breach; and again after the pre-trial set up a different amount claimed, the court orally granting plaintiff permission to amend the pre-trial order to claim $510,600.53 (including interest). However, in the closing argument plaintiff's counsel referred to the figure $327,469.15 in damages, and the court in its charge stated that the plaintiff sought damages in the amount of $429,062.32 ($429,056.32, the amended figure). The jury then returned a verdict for the plaintiff in the amount of $317,222.69, and judgment was entered accordingly. Defendant then filed its motion for new trial, amended same, and after a hearing, it was denied. Defendant appeals. *Held:*

1. Both the pleadings and the pre-trial stipulations established that defendant commenced performance under the subcontract and continued work until "February, 1976." However, both a discovery deposition and testimony at trial was that work under the subcontract continued *during* the month of February, 1976, and plaintiff moved for modification of the pre-trial order to prevent manifest injustice in order that it be allowed to show evidence as to the exact date of the breach of the contract. Whereupon defendant moved for a mistrial when the trial court, during the trial, permitted the plaintiff to withdraw this pre-trial stipulation as to the time of the alleged breach or defendant's departure from the job after the stipulations had been read to the jury. Under the authority of the provisions of Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106), a pre-trial order may be "modified at the trial to prevent manifest injustice." We find no reversible error in the trial court's denying the motion for mistrial after allowing the

modification. Nor do we find any merit in the complaint that the trial court erred in denying the motion for continuance or postponement to allow defendant to prepare for the change. The continuance motion was overruled for the time being, the court stating that after the close of plaintiff's evidence if defense counsel needed additional time, "then you may apply for it then." Counsel for the defendant thereafter made no such request for further continuance or postponement, and we find no abuse of discretion on the part of the trial court as we find no great material changes in the allowance of the amendment, nor in denying the motion for continuance. See Code §§ 81-1419, 81-1420; *Walton v. Walton,* 223 Ga. 85 (2), 86 (153 SE2d 554); *Benjamin v. Weintraub,* 169 Ga. 770, 775 (151 SE 381). These enumerations of error are not meritorious.

2. Defendant next enumerates error as to certain repetitious written requests by the plaintiff which were given in the court's charge, citing *Gates v. Southern R. Co.,* 118 Ga. App. 201, 203-204 (3) (162 SE2d 893). We do not find the written requests given by the court as being subject to the criticism that they were unduly repetitious. Such charges were based upon Code §§ 20-1402, 20-1409, and 20-1407, and the charge as given was explanatory of damages contemplated by a breach of contract. A reading of the court's entire charge does not show that it was totally one-sided in favor of the plaintiff as complained of by the defendant. There is no merit in this complaint.

3. Defendant's next contention is that the trial court erred in failing to give a written request that there had been a mutual disregard of the written contract which required subsequent notice from plaintiff to the defendant if plaintiff later intended to enforce the exact terms of the agreement. However, this written request was withdrawn by the defendant, and it cannot now insist that the principles of its request to charge were applicable to the case. See *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114). The defendant having adopted the previous withdrawal of its written request did not thereafter object to the omission of this request from the court's charge and cannot now complain. See Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Imperial Massage &c. Studio v. Lee,* 231 Ga. 482 (1) (202 SE2d 426); *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Love v. Savannah Electric &c. Co.,* 149 Ga. App. 747, 748 (3) (256 SE2d 112).

4. Defendant's next complaint is that the trial court's failure to give its written request No. 7 in full was in error. However, this charge was given in substance by the court with reference to damages recoverable for a breach of contract as being those that, "arise naturally and according to the usual course of things from such

breach," and "such as the parties contemplated when the contract was made as the probable result of its breach," and thereafter, the substance of Code § 20-1406, including the phrase, "unless they are capable of exact computation." See *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41, 43 (33 SE2d 422); *Darlington Corp. v. Evans,* 88 Ga. App. 84, 90 (76 SE2d 72); *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905). Thus, the court, in substance, gave the defendant's request No. 7. We find no merit in this complaint.

5. The trial court did not err in charging plaintiff's written request to charge that an action at law lies for breach of a contract and that damages are given as compensation for the injuries sustained. *Avis, Inc. v. Graham,* 217 Ga. 330, 331 (1) (122 SE2d 245); *Chadwick v. Dolinoff,* 207 Ga. 702, 703 (1) (64 SE2d 76). The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken. See *Selman v. Manis,* 100 Ga. App. 422 (5) (111 SE2d 747). The court thereafter charged that of course it was up to the jury to decide under the evidence and law given as to whether there had been a breach of contract and, if so, whether damages have been sustained. The charge as a whole did not imply a cause of action existed on behalf of the plaintiff. There is no merit in this complaint.

6. The mere fact that shortly before the above instructions the court charged that a breach of contract arises by the failure of a party to perform under the terms of the contract without legal excuse, fault, or consent of the opposite party, and the other may accept the tender of the breach of contract and sue for damages, this did not amount to a repetition nor did it amount to an instruction to the jury that the defendant had admitted the contentions of the opposite party concerning one of the vital issues of the case. *Farr v. Collins,* 109 Ga. App. 37, 39 (135 SE2d 65), cited by defendant is not controlling here. We find no merit in these complaints.

7. The defendant contended that the contract had been voluntarily terminated by agreement between the parties, defendant would sell some of the equipment plaintiff needed and would wait until the job was finished to get its payment and same would relieve it of further responsibility on the job. The trial court did not err in failing to instruct the jury that a threshhold issue was that the jury must first determine what the true contract was between the parties. Here the subcontract was admitted and stipulated into evidence and partial performance had been rendered. Again the trial court did not err in charging the elements of a right to recover for the breach of a contract as shown above in Division 5, citing *Selman v. Manis,* 100 Ga. App. 422 (5), supra.

8. The trial court did not err in charging that a party who has been injured by a breach of contract can recover profits that would have resulted from performance when the amount of the loss and the fact that they could have been prevented by the breach can be proved with reasonable certainty. See Code § 20-1406; *Carter v. Greenville Service Co.,* 111 Ga. App. 651, 652 (1) (143 SE2d 1); *Appling Motors v. Todd,* 143 Ga. App. 644, 645 (2b) (239 SE2d 537).

The trial court did not err in charging on the burden of proof, that is, as to both parties, and the defendant had the burden of proof by legal preponderance of the evidence as to its right to any setoff in the amount claimed. See *Phillips v. Lindsey,* 31 Ga. App. 479 (1), 482 (120 SE 923). The court fully instructed the jury that the plaintiff first had the burden of proof by what is known as a preponderance of the evidence but as to the counterclaim by the defendant, it is governed by the same rules of law and further that if neither party proves its case by a preponderance of the evidence the verdict would be in favor of the defendant but without any money recovery. The charge as a whole is not subject to the objection that it amounted to the giving of conflicting instructions requiring the grant of a new trial. There is no merit in this complaint. See *Potts v. Levin,* 113 Ga. App. 4, 6 (2) (147 SE2d 1).

9. The trial court did not err in charging that the consent of both parties is essential to the rescission of the contract. It is true that the court in charging that it cannot be rescinded by the act of the parties did not preface "the parties" with the language "one of," but this appears to have been the result of a slip of the tongue or a verbal inaccuracy. See *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512); *Billups v. State,* 236 Ga. 922, 923 (225 SE2d 887). However, construing the court's charge as a whole, the mere omission of the words "one of" was not harmful. See *State Hwy. Dept. v. Davis,* 129 Ga. App. 142, 143 (1) (199 SE2d 275). Since the trial court stated clearly that the consent of both parties is essential to rescission, it is quite clear as to the meaning here. We find no reversible error in the charge as given.

Further, the charge as to release with reference to the defendant being released from its obligation to perform the subcontract with the plaintiff, there must be a mutual agreement and intent by both parties that defendant be released and this agreement be supported by consideration is not in conflict with the charge on rescission as each was a separate defense, each was appropriate and entirely consistent and explanatory of the defenses raised by the defendant.

10. The trial court did not err in refusing to charge the jury in its opening summary of the contentions of the parties that the defendant simply had an agreement to move as much material (dirt) as it wishes for a given price and had a right to cease work at any point. Such

instructions would have been argumentative. Neither the pleadings nor the evidence resulting from this written subcontract authorized such a charge. There is no merit in this complaint.

11. The trial court did not err in charging that the burden of proof was on the defendant to prove by a legal preponderance of evidence previously defined to the jury that the plaintiff agreed for the defendant to withdraw from the subcontract. The subcontract was only partially performed by the defendant and its defense was that of novation in which plaintiff allowed it to be released from the contract. There is no merit in this complaint.

12. The evidence here was sufficient to support the verdict and judgment, and this court will not disturb the refusal to grant a new trial where there is any evidence at all to support it. See *Blazer Financial Services v. Stewart,* 141 Ga. App. 156, 157 (1) (233 SE2d 1). The question of damages is in the discretion of the jury, and neither the trial court nor the appellate court should interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias. Code § 20-1411; *Piedmont Life Ins. Co. v. Bell,* 109 Ga. App. 251 (1) (135 SE2d 916); *United Ins. Co. v. Moore,* 147 Ga. App. 815, 816 (2) (250 SE2d 810); *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504, 505 (2) (239 SE2d 155).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*H. Dale Thompson, Aubrey L. Coleman, Jr.,* for appellant.
*Paul J. Jones, William T. Gerard,* for appellee.