A95A2496. BUDGET RENT-A-CAR OF ATLANTA, INC.
v. WEBB.
(469 SE2d 712)

BLACKBURN, Judge.

Budget Rent-a-Car of Atlanta, Inc., (Budget) brought the under-

lying action against Lance Webb to recover damages to its rental vehicle caused by Webb's negligent operation of the vehicle and violation of the "Use Restrictions" of their rental agreement. At the close of evidence, the trial court denied Budget's motion for directed verdict and the jury returned a defendant's verdict. The trial court denied Budget's motion for judgment n.o.v., and this appeal followed.

Webb traveled to Georgia on behalf of his employer Lumber Systems, Inc. (Lumber). The credit card which Webb used in the transaction was in the name of "Lance N. Webb" with the name "Lumber Systems Inc." immediately under Webb's name. In defendant's amended answer however, he admitted that he and plaintiff had entered into the subject rental agreement and that it provided that the "vehicle will not be used or operated by anyone . . . [w]ho is not capable of safely driving the vehicle due to . . . drowsiness." Defendant was listed as the "Renter" on the agreement and the agreement required that the renter return the vehicle in the same good operating condition.

On the night of the wreck, Webb got home from work around 6:00 or 7:00 p.m. and drove alone to Augusta to have dinner. During this trip Webb, while driving at 65 mph, fell asleep and wrecked the vehicle which was ultimately returned to Budget in a damaged condition. Budget's expert testified that the fair market value of the vehicle prior to the wreck was $12,163 and that the fair market value of the wrecked vehicle was $2,000. On the second attempt, they were able to sell the wrecked vehicle at public auction for $2,000. Defendant has never compensated plaintiff for damages to the involved vehicle.

Webb argues that his employer, Lumber, is a co-obligor of any obligation and plaintiff's failure to name Lumber as a party is fatal to its claim. He further argues that he was acting as the agent for Lumber, within the scope of his employment at all times relevant to this action and was not personally liable under the agreement.

1. Budget contends that the trial court erred by denying its motion for directed verdict and its motion for judgment n.o.v. in that the undisputed evidence showed that Webb had breached the rental agreement and was personally liable for such breach.

"A contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. "[A]n action at law lies for breach of a contract and that damages are given as compensation for the injuries sustained. The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken." (Citations omitted.) *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (284 SE2d 282) (1981). It is uncontroverted in the record that Webb rented a 1990

Chrysler LeBaron from Budget pursuant to a valid, written rental agreement and thereafter wrecked it after falling asleep at the wheel while driving alone on Interstate 20. As a result of the wreck, the car was damaged and sold for salvage.

" 'In determining whether the trial court erred by denying [plaintiff's] . . . motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. "A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict." ' " (Citations omitted.) *Parks v. Howard*, 197 Ga. App. 405, 407 (398 SE2d 308) (1990).

Webb's admission that he and plaintiff had entered into the rental agreement, contained in his answer, constitutes a judicial admission, which he is not permitted to deny. OCGA § 24-3-30; *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727 (152 SE2d 557) (1966). In view of the contractual requirement that Webb was to return the vehicle in the same good condition and the undisputed fact that he did not, it was error for the trial court to deny Budget's motion for judgment n.o.v. as to Webb's liability for damages arising from a breach of the rental agreement.

2. Budget further contends that the trial court erred in failing to grant its motion for directed verdict and motion for judgment n.o.v. based on the undisputed evidence that Webb negligently damaged Budget's vehicle.

Questions of negligence are ordinarily matters for resolution by a jury. Where the evidence is undisputed, however, that a driver has fallen asleep at the wheel and a wreck results therefrom, the driver bears the burden of showing that he was not negligent in damaging the vehicle. When he fails to meet this burden, the driver is negligent as a matter of law. *Blunt v. Spears,* 93 Ga. App. 623 (92 SE2d 573) (1956), rev'd on other grounds, *Southern Bell Tel. &c. Co. v. Spears,* 212 Ga. 537 (93 SE2d 659) (1956); *Ga. Power Co. v. Murray,* 57 Ga. App. 141 (194 SE 403) (1937). In view of the unrefuted evidence that the wreck resulted from Webb falling asleep while driving, and his failure to make any showing that he was not negligent, the trial court erred in failing to grant Budget's motion for judgment n.o.v. as to Webb's liability to Budget for damages to the rental vehicle based upon his negligent conduct in causing the wreck.

The question of the amount of damages to which Budget is entitled must be resolved by a jury in view of the arguably conflicting evidence on this issue. The judgment of the court is hereby reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. McMurray, P. J., and*

*Andrews, J., concur.*

DECIDED FEBRUARY 20, 1996.

*Fulcher, Hagler, Reed, Hanks & Harper, Scott W. Kelly,* for appellant.
*Charles C. Mayers,* for appellee.