[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11753
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-02371-CV-WBH-1

ACCESS EQUIPMENT SYSTEMS, INC.,

Plaintiff-Counter-Defendant-
Appellant,

versus

INTERVECT USA, INC.,

Defendant-Counter-Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 6, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Access Equipment Systems, Inc. ("AES") appeals the district court's entry of partial summary judgment in favor of Intervect USA, Inc. ("Intervect"), on AES's claims for breach of contract and fraud and Intervect's counterclaim for a declaratory judgment.[1]  The lawsuit arose from a business dispute between the parties concerning a joint venture called Access Equipment, LLC ("the LLC"), which was formed pursuant to several agreements, including  an Operating Agreement, an Asset Contribution Agreement, and an Inventory Credit Agreement.  On appeal, AES argues the district court erroneously entered summary judgment because genuine issues of material fact  remain concerning (1) whether Intervect properly invoked the buy-sell provision of the Operating Agreement, which formed the basis for the entry of summary judgment on Intervect's counterclaim for declaratory relief, and (2)  whether Intervect breached the aforementioned three agreements.[2]  After careful review, we affirm.

---

[1]Generally, appeals may be taken only from "final decisions of the district courts" which end the litigation.  28 U.S.C. § 1291.  When a district court grants judgment with respect to fewer than all of the claims or parties involved in an action, an immediate appeal is proper when the court directs that its judgment be deemed final in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.  Rule 54(b) permits "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  In the present case, we have jurisdiction to review the district court's partial summary judgment because the district court made the proper certification and entered a separate judgment as to the claims addressed in its partial summary judgment, pursuant to Fed. R. Civ. P. 54(b).

[2]The district court also entered summary judgment on AES's claim for fraud.  AES does not raise any arguments concerning the fraud claim and therefore has abandoned those issues.  See

2

We review the district court's order granting summary judgment <u>de</u> <u>novo</u>. See <u>Madray v. Publix Supermarkets, Inc.</u>, 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting <u>First Nat'l Bank of Arizona v. Cities Serv. Co.</u>, 391 U.S. 253, 289 (1968)). In making this assessment, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," <u>Stewart v. Happy Herman's Cheshire Bridge, Inc.</u>, 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the non-movant." <u>United of Omaha Life Ins. v. Sun Life Ins. Co.</u>, 894 F.2d 1555, 1558 (11th Cir. 1990).

The parties are familiar with the relevant facts and we only summarize them here. In August of 2002, the parties formed the LLC to serve as a distributor of

<u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004).

3

platforms and hoists for construction work. Pursuant to the parties' agreement, AES contributed to the LLC its entire fleet of equipment and Intervect delivered a Bill of Sale for its equipment. Intervect subsequently contributed additional funds to the LLC. Thereafter, sometime in June of 2003, a dispute arose concerning whether Intervect's equipment was ever physically delivered to the LLC. However, based on the information gleaned during discovery, the district court concluded that it was undisputed "during the relevant time period, there were more than enough decks and masts on hand to serve the LLC's purposes, and thus, the LLC always had excess capacity in terms of the equipment available for rent." Later that same month, Intervect exercised its rights under a buy-sell provision of the Operating Agreement, thereby offering to purchase the LLC from AES and providing AES 45 days in which to respond to the offer, as provided by the buy-sell provision.[3]

---

[3]The buy-sell provision provided the following:

(a) Either Member (the "Offeror") may make an offer (the "Offer") to the other (the "Offeree") by sending written notice to the Offeree (the "Offer Notice") to either buy all of such Offeree's Interest or to sell all of such Offeror's Interest to the Offeree (the Offer shall constitute both an offer to buy and an offer to sell). Such Offer shall set forth the Offeror's terms of purchase, including the purchase price, or a per Unit basis, for the Offeror's Interest or the Offeree's Interest, as applicable (the "Purchase Price"). All terms of purchase with respect to the Offer to buy or sell shall be proportionately the same.

(b) Within forty-five (45) days after receipt of the Offer Notice, the Offeree shall give notice to the Offeror stating whether the Offeree (i) elects to purchase from the

After AES failed to respond within the 45-day time period provided in the buy-sell provision, Intervect provided notice, again pursuant to the terms of the buy-sell provision, of its intent to purchase AES's interest in the LLC at the Purchase Price stated in its Offer Notice. In response, AES filed this suit, alleging that Intervect had not complied with its initial funding obligations because it failed to physically deliver all of the inventory that was included in the Bill of Sale.

Georgia substantive law controls the interpretation of the contracts in this action based on diversity jurisdiction. See Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir.1987) (holding that forum state's contract law is applied in a diversity action in determining the construction and interpretation of the agreement). It is well-settled under Georgia law that damages are an element of a claim for breach of contract. See Budget Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (" The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken " (citation omitted));

---

Offeror all of the Offeror's Interest at the Purchase Price and upon the terms stated in the Offer or (ii) to sell to the Offeror all of the Offeree's Interest at the Purchase Price and upon the terms stated in the Offer. If the Offeree fails to make an election to purchase or to sell under this Section 15.3(b), such failure shall be deemed to be an election by the Offeree to sell all of the Offeree's Interest to the Offeror at the Purchase Price upon the terms stated in the Offer.

<u>Graham Bros. Const. Co., Inc. v. C. W. Matthews Contracting Co., Inc.</u>, 284 S.E.2d 282, 286 (Ga. Ct. App. 1981) (same).

The district court concluded that in opposition to summary judgment, AES failed to present anything, other than "vague, conclusory statements," to dispute Intervect's evidence that any physical equipment shortage had <u>no</u> identifiable effect on the LLC's operation and, thus, AES's breach-of-contract claim failed based on a lack of damages, a necessary element of the claim under Georgia law. As for Intervect's counterclaim for declaratory relief, the district court concluded that Intervect properly invoked the buy-sell provision, which was supported by consideration and had the mutual assent of the parties to its terms, in accordance with Georgia contract law.

Based upon our review of the record and the district court's thorough and well-reasoned order applying Georgia law to the largely undisputed facts and addressing virtually every argument raised in this appeal, we can find no reversible error in the district court 's disposition of this case and affirm its judgment in all respects.

**AFFIRMED.**