[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15273
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02157-WSD


JAMES A. BIRDETTE,
LINDA A. BIRDETTE,

Plaintiffs-Appellants,

versus

SAXON MORTGAGE,
BANK OF NEW YORK, MELLON,
AMERICAN NEIGHBORHOOD HOUSING FOUNDATION,
DOES 1 through 100,
Inclusive,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 20, 2012)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Linda and James Birdette, proceeding *pro se*, appeal the district court's order dismissing their wrongful-foreclosure complaint with prejudice for failure to comply with a lawful order of the court under Fed.R.Civ.P. 41(b). The Birdettes filed an original complaint in Georgia state court listing nine causes of action and apparently adding two additional claims in several subsequent amended complaints before the case was removed to the district court. A magistrate judge found that the complaint was a "shotgun" pleading and specifically instructed the Birdettes to file a repleaded complaint that provided a brief introductory overview of the case, relevant facts and dates for each claim asserted as to each defendant, and attach any relevant documents. The magistrate judge also warned the Birdettes that a failure to timely comply with its order would result in the magistrate judge recommending that the complaint be dismissed for failure to comply with a lawful court order. The Birdettes filed a repleaded complaint that did not fully comply with the magistrate judge's order, and the district court adopted the magistrate judge's subsequent recommendation to dismiss the complaint with prejudice for failure to comply with a lawful court order. On appeal, the Birdettes vaguely state that their pleadings "should not be considered

2

shotgun pleadings. Factual allegations presented comprises the [c]omplaint."

They further assert that there were "[l]egal [i]ssues of [e]rrors," and that "[c]ause

exists for each [c]omplaint."

"We review for abuse of discretion a district court's dismissal for failure to

comply with the rules of court." *Betty K Agencies, Ltd. v. M/V MONADA*,

432 F.3d 1333, 1337 (11th Cir. 2005).

*Pro se* pleadings are held to a less strict standard than pleadings filed by

lawyers, and are construed liberally as a result. *Trawinski v. United Techs.*, 313

F.3d 1295, 1297 (11th Cir. 2002). However, issues not briefed on appeal by a *pro*

*se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th

Cir. 2008). Issues raised only in passing, without supporting argument or citation,

are deemed abandoned. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir.

1998). An amended pleading supersedes the former pleading, such that the

original pleading is abandoned by the amendment, and is no longer part of the

pleader's claims. *See Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d

1210, 1215 (11th Cir. 2006). Although courts liberally construe *pro se* pleadings,

they are not required to "rewrite an otherwise deficient pleading in order to sustain

an action." *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

3

Ct. 1937, 173 L. Ed. 2d 868 (2009). *Pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Under Rule 41(b), a court has authority to dismiss actions for, *inter alia*, failure to obey court orders. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal is warranted under Rule 41(b) where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* (internal quotation marks omitted). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.* Unless a dismissal order states otherwise, a dismissal for failure to comply with a court order is a dismissal with prejudice. Fed.R.Civ.P. 41(b). "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In *Moon*, we stated that the record supported the district court's implicit finding that Moon had been "repeatedly and stubbornly defiant" and indicated no willingness to comply with court orders. *Id.* at 839. Accordingly, we held that the district court did not abuse its discretion in dismissing the case. *Id.*

4

Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be provided with at least one opportunity to amend before the court dismisses with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir 1991)). A court need not allow an amendment where (1) there has been undue delay or repeated failure to cure deficiencies in previously allowed amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *Id.*

Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish (1) a legal duty owed to the plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury sustained, and (4) damages. *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008). Georgia law recognizes actions for breach of contract where there is (1) a breach, and (2) resultant damages to the party who has the right to complain about the contract being broken. *Budget Rent-a-Car of Atlanta, Inc. v. Webb*, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (citation omitted).

Construing their statements on appeal liberally, it is conceivable that the Birdettes are attempting to argue that their amended complaint included sufficient

5

factual allegations to state a claim, and that they did, in fact, comply with the court's order.  However, the Birdettes raise those statements only in passing, and they provide absolutely no argument or citation of authority in support of any claim.  Accordingly, they have waived any cognizable issue on appeal by failing to raise any argument alleging that the district court's order dismissing their complaint pursuant to Rule 41(b) was erroneous.

Even assuming that the issue is fairly presented on appeal, the Birdettes filed numerous amended complaints in both state court and the district court, were specifically informed as to how to replead their complaint to state a claim, and warned that a failure to comply with the court's order would result in dismissal, and they still failed to cure the deficiencies.  As such, we conclude that dismissal with prejudice under Rule 41(b) was not an abuse of discretion in this case.

Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**